**I. Richard TORANTO, Petitioner,**

v.

**BLUE CROSS AND BLUE SHIELD
OF TEXAS, INC., Respondent.**

No. 98–0484.

Supreme Court of Texas.

April 29, 1999.

William V. Dorsaneo, III, Dallas, Jeffrey D. Kyle, Houston, for Petitioner.

Christopher Charles White, E. Stratton Horres, Jr., A. Robert Lamb, Dallas, for Respondent.

PER CURIAM.

In this case we consider whether Texas Insurance Code article 21.24–1, section 3(a)'s anti-assignment prohibition applies to Blue Cross and Blue Shield of Texas (BCBS). Article 21.24–1, section 3(a) provides:

> An insurer may not deliver, renew, or issue for delivery a health insurance policy in this state that prohibits or restricts the written assignment by a covered person of benefits provided by the policy for health care services to the physician or other health care provider that furnishes those health care services to the covered person.

TEX. INS.CODE art. 21.24–1, § 3(a). We conclude that the anti-assignment prohibition does apply to BCBS. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

Dr. Richard Toranto performed surgery on Cheri Webb. Before the surgery, Webb assigned her insurance benefits to Dr. Toranto. The Employees Retirement System of Texas' (ERS) health benefits plan (the Plan) insured Webb, a state employee. The Texas Employees Uniform Group Insurance Benefits Act (the Act) authorizes ERS to select firms to administer state employees' and retirees' insurance benefits. *See* TEX. INS.CODE art. 3.50–2, §§ 4, 5A. ERS selected BCBS as the Plan's claims administrator. The Plan defines the coverage of state employees and retirees who choose BCBS as the Plan's administrator. The Plan has an anti-assignment clause that provides, "The rights and benefits of the Plan shall not be assignable, either before or after services and supplies are provided."

After Webb's surgery, Dr. Toranto filed a claim with BCBS. Dr. Toranto notified BCBS that Webb assigned her insurance benefits to him. Because Dr. Toranto was not a network provider, BCBS, relying on the Plan's anti-assignment clause, paid the benefits directly to Webb and refused to pay Dr. Toranto. Dr. Toranto sued BCBS alleging that the Plan's anti-assignment clause was invalid because article 21.24–1, section 3(a) prohibits anti-assignment clauses in insurance policies.

BCBS moved for summary judgment claiming that (1) the anti-assignment prohibition did not apply to BCBS, and (2) BCBS had discharged its responsibilities when it paid Webb for the medical services. The trial court granted BCBS' motion for summary judgment, and the court of appeals affirmed. The court of appeals' opinion focused on Dr. Toranto's failure to plead and prove that BCBS was ERS' agent. The court of appeals concluded that Dr. Toranto, as the nonmovant, did not produce evidence creating a fact issue on whether the anti-assignment prohibition applies to BCBS. Dr. Toranto petitioned this Court for review.

Dr. Toranto argues that the anti-assignment prohibition applies to BCBS because: (1) BCBS is an organization authorized to do business under Chapter 3 of the Insurance Code; (2) the Insurance Code specifically subjects organizations like BCBS to the anti-assignment prohibition; and (3) BCBS is subject to the same restrictions placed on ERS. Dr. Toranto argues that, therefore, the Plan's anti-assignment clause is invalid.

BCBS responds that it is not an "insurer" as defined by article 21.24–1, section 1(6), but is merely an independent contractor that administered ERS' Plan. BCBS argues that, therefore, it is not subject to the anti-assignment prohibition.

■ We agree with Dr. Toranto that the anti-assignment clause is invalid. Article 21.24–1, section 3(a) provides that insurers cannot restrict covered persons from as-signing their insurance benefits to physicians or health care providers who furnish medical services. *See* TEX. INS.CODE art. 21.24–1, § 3(a). Article 21.24–1, section 1(6) defines "insurer" as "an insurance company, association, or organization authorized to do business in this state under Chapter 3, 8, 10, 11, 12, 13, 14, 15, 18, 19, or 22 of [the Insurance] code." *See* TEX. INS.CODE art. 21.24–1, § 1(6). Article 21.24–1, section 2(b) expressly extends the anti-assignment prohibition to the Act. *See* TEX. INS.CODE art. 21.24–1, § 2(b). ERS trustees administer and implement the Act. *See* TEX. INS.CODE arts. 3.50–2, §§ 3(a)(11), 4, 21.24–1, § 2(b). Therefore, ERS, as the state employees' insurer, is subject to the anti-assignment prohibition.

An "insurer" includes insurance companies, associations, and organizations "authorized to do business in this state under Chapter 3 ... of [the Insurance] code." *See* TEX. INS.CODE art. 21.24–1, § 1(6). Although BCBS is organized as a hospital service corporation under Chapter 20, when BCBS is acting as ERS' administering firm, it does so under Chapter 3, article 3.50–2, section 4. *See* TEX. INS.CODE art. 3.50–2, § 4. BCBS is an "insurer" because it is authorized to act as ERS' administering firm under Chapter 3. *See* TEX. INS. CODE art. 21.24–1, § 1(6). Therefore, BCBS is subject to the anti-assignment prohibition.

Furthermore, the ERS Plan provides that if state or federal laws mandate the Plan's specific terms, the Plan's provisions shall be interpreted to comply with such laws. *See* Plan Document art. IX, § S General Provisions. The Plan's anti-assignment clause conflicts with the anti-assignment prohibition. We must interpret the anti-assignment clause to comply with the Insurance Code. Therefore, because BCBS is an "insurer," and the Plan's anti-assignment clause conflicts with the Insurance Code, the Plan's anti-assignment clause is invalid.

The anti-assignment prohibition's applicability to BCBS is the sole issue before

us. We express no opinion about the merits of Dr. Toranto's underlying claim against BCBS.

Because article 21.24–1, section 3(a)'s anti-assignment prohibition applies to BCBS, the court of appeals improperly affirmed BCBS' motion for summary judgment. Accordingly, without hearing oral argument, the Court reverses the court of appeals' judgment and remands the case to the trial court for further proceedings. *See* TEX.R.APP. P. 59.1.