BLUE CROSS BLUE SHIELD OF TEXAS and Health Care Service Corporation, a Mutual Legal Reserve Company, Petitioners,

v.

Xavier DUENEZ and Wife, Irene Duenez, Individually and as Next Friends of Ashley Duenez, a Minor, Respondents.

No. 05–0521.

Supreme Court of Texas.

Aug. 31, 2006.

Michael S. Hull, Andrew F. MacRae, Will G. Barber, Hull Hendricks & MacRae, L.L.P., Austin, for petitioners.

David C. Griffin, John W. Griffin Jr., Houston, Marek & Griffin, Victoria, Cynthia T. Sheppard, Cuero, for respondents.

Jefferson (Jim) E. Boyt, Austin, for amicus curiae.

PER CURIAM.

Xavier Duenez was a state employee who was insured—through the Employee Retirement System of Texas (ERS)—by Blue Cross Blue Shield of Texas.[1] When his daughter was seriously injured in an automobile accident, Duenez sought benefits from BCBS. Initially, BCBS certified that his daughter's private nursing care was covered, but later informed him that it planned to discontinue the coverage. In response, Xavier and Irene Duenez, individually and as next friends of their daughter, brought suit in district court, seeking a declaratory judgment that the care was covered, and injunctions compelling BCBS to continue payment. The trial court issued a temporary injunction requiring BCBS to continue paying for in-home nursing services. While the suit for permanent relief was pending, the Duenezes switched insurance carriers; consequently, they non-suited all claims except the one for attorney's fees, which the trial court awarded pursuant to the Declaratory Judgment Act. See TEX. CIV. PRAC. & REM. CODE § 37.009.

BCBS appealed, arguing that the trial court lacked subject-matter jurisdiction to award attorney's fees because the Due-

nezes' failed to exhaust the administrative remedies mandated by the Texas Employees Group Benefits Act (ERS Act).[2] The court of appeals disagreed, holding that ERS's exclusive jurisdiction was limited to disputes concerning enrollment or payment and that the Duenezes' suit "relate[d] to the extent of the ... plan's coverage." 2005 WL 1244609, at *2. BCBS now petitions for review, arguing that the case should be dismissed for lack of subject-matter jurisdiction. We agree.

 Texas district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, *except* in cases [in which jurisdiction is] conferred ... on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8 (emphasis added). An administrative agency has exclusive jurisdiction when the Legislature grants it the sole authority to make an initial determination in a dispute; in such matters, a complaining party must exhaust administrative remedies before seeking review in district court. *In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex.2004). Until the party has satisfied the exhaustion requirement, the trial court lacks subject-matter jurisdiction and must dismiss without prejudice those claims within the agency's exclusive jurisdiction. *Subaru of Am. v. David McDavid Nissan*, 84 S.W.3d 212, 221 (Tex.2002).

 Whether ERS has exclusive jurisdiction over this dispute is a matter of statutory interpretation. *In re Entergy Corp.*, 142 S.W.3d at 322. An agency has

1. Blue Cross Blue Shield of Texas is a division of Health Care Service Corporation, also a petitioner herein. 1 We refer to them collectively as "BCBS."

2. At the time the underlying case arose, the ERS Act was codified at Article 3.50–2 of the Texas Insurance Code. The Act was repealed

and recodified, with nonsubstantive revisions, at Chapter 1551 of the Insurance Code. See Act of May 22, 2001, 77th Leg., R.S., ch. 1419, §§ 3, 31(b)(6), 2001 Tex. Gen. Laws 4153–54, 4208. Citations are to the current version of the statute.

exclusive jurisdiction when "a pervasive regulatory scheme indicates that [the Legislature] intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *Id.* (citations omitted). In determining legislative intent, we look to the "plain and common" meaning of the statutory language. *Id.* (quoting *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003)). A party cannot circumvent an agency's exclusive jurisdiction by filing a declaratory-judgment action if the subject matter of the action is one "over which the Legislature intended the [administrative agency] to exercise exclusive jurisdiction." *Thomas v. Long,* —— S.W.3d ——, —— (Tex.2006).

When state employees are covered by the insurance plan at issue, BCBS serves as their claims administrator for ERS-derived health benefits; thus, disputes arising from the plan are subject to the provisions of the ERS Act. *See, e.g., Toranto v. Blue Cross and Blue Shield of Tex., Inc.,* 993 S.W.2d 648, 649 (Tex.1999). The Act provides that ERS's executive director "has *exclusive* authority to determine all questions relating to enrollment in or payment of a claim arising from [ERS] group coverages or benefits." TEX. INS. CODE § 1551.352 (emphasis added). Generally, the executive director's determination may be appealed only to the ERS Board of Trustees. *Id.* § 1551.355. A party aggrieved by the Board's decision may then seek judicial review in a Travis County district court, where the determination is subject to substantial-evidence review. *Id.* § 1551.359. These "are the *exclusive* remedies available to an employee, participant, annuitant, or dependent." *Id.* § 1551.014 (emphasis added).

The plain language of the ERS Act makes clear that the administrative appeals process is the "exclusive" means of resolving a claim for payment of ERS-derived benefits. *See Employees Ret. Sys. of Tex. v. Blount,* 709 S.W.2d 646, 647 (Tex.1986) (holding that because a claim for ERS-derived benefits is "derived from statute, not common law, the [ERS Act's] provisions are mandatory and exclusive and must be complied with in all respects"); *see also Perkins v. Group Life & Health Ins. Co.,* 49 S.W.3d 503, 506 (Tex. App.-Austin 2001, pet. denied) (ERS's appeals process is "the exclusive remedy for policyholders or beneficiaries bringing claims on an insurance policy administered by the ERS"); *but cf. Montgomery v. Blue Cross and Blue Shield of Tex., Inc.,* 923 S.W.2d 147, 151 (Tex.App.-Austin 1996, writ denied) (Act does not confer exclusive jurisdiction to decide a bad faith claim against insurer, which is merely collateral to a claim for payment). Here, the Duenezes argue that they were not subject to ERS's exclusive jurisdiction because they sought a legal construction of their plan's coverage, which does not implicate the "payment of a claim." We disagree. The Duenezes' suit sought a declaration that their daughter's private nursing care was covered under the BCBS plan. They also sought an injunction to compel BCBS to continue paying for the care. These actions directly relate to the "payment of a claim"; therefore, the Duenezes were required to first seek redress through the ERS administrative appeals process. *See Blount,* 709 S.W.2d at 647. The Duenezes could not circumvent this exhaustion requirement by filing a "coverage determination" claim under the Declaratory Judgment Act, because such an action involves the same subject matter—payment of benefits—as that over which ERS has exclusive jurisdiction. *See Thomas,* —— S.W.3d at ——.

The Duenezes argue alternatively that the trial court had jurisdiction because a

party need not exhaust administrative remedies when "irreparable harm will be suffered, and [ ] the agency is unable to provide relief." *Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist.,* 730 S.W.2d 644, 646 (Tex.1987). Even if this exception applied to ERS—an issue we do not reach—it does not excuse the Duenezes' failure to exhaust administrative remedies, because the record does not demonstrate that ERS could not have provided relief. Indeed, a main purpose of the ERS dispute process is to determine when a particular benefit is available. *See, e.g.,* 34 TEX. ADMIN. CODE § 81.9 (outlining grievance procedure for the payment of benefits). Additionally, in potentially life-threatening situations, a BCBS HealthSelect insured may obtain immediate review of a coverage decision by an independent review organization, bypassing the normal ERS appeals process. *See HealthSelect Master Benefit Plan Document,* Art. IX(B)(2)(b); *see also* 34 TEX. ADMIN. CODE § 67.99 (allowing for the issuance of emergency orders by the ERS Board in situations involving imminent peril). Moreover, BCBS had not stopped payments when the Duenezes filed suit; it had only notified them that it planned in the future to discontinue coverage. The Duenezes should have pursued the remedies available via the administrative grievance process before seeking relief in court.

Accordingly, without hearing oral argument, we grant BCBS's petition for review, vacate the court of appeals' judgment, and dismiss the case for want of jurisdiction. TEX. R. APP. P. 59. 1, 60.2(e).