NUMBER 13-05-729-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EMPLOYEES RETIREMENT SYSTEM OF TEXAS, Appellant,


v.


XAVIER DUENEZ AND IRENE DUENEZ, Appellees.

 


On appeal from the 24th District Court of Calhoun County, Texas.


 

 

O P I N I O N



Before Justices Rodriguez, Garza, and Benavides


Opinion by Justice Garza
 

The Employees Retirement System of Texas ("ERS") has filed an interlocutory
appeal of the trial court's order denying its motion to dismiss. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). We affirm.


I. Background

Xavier Duenez was an employee of the State of Texas who was insured--through
ERS--by Blue Cross Blue Shield of Texas ("BCBS"). In 1997, his daughter Ashley was
seriously injured by a drunk driver in an automobile accident. She was left in a semi-vegetative state requiring constant medical care. Xavier Duenez sought benefits from
BCBS to cover Ashley's medical expenses. Initially, BCBS certified that Ashley's care was
covered, but it later informed Xavier Duenez that it planned to discontinue the coverage. 

In response, Xavier and Irene Duenez, individually and as next friends of their
daughter Ashley, brought suit in district court, seeking a declaratory judgment that Ashley's
care was covered, as well as injunctions compelling BCBS to continue payment. The trial
court issued a temporary injunction requiring BCBS to continue paying benefits, and BCBS
appealed the injunction to this Court unsuccessfully. See Blue Cross Blue Shield v.
Duenez, No. 13-99-793-CV, 2000 Tex. App. LEXIS 6954 at *15 (Corpus Christi, Oct. 12,
2000, no pet.) (not designated for publication). 

While the suit for permanent relief was pending, the Duenezes switched insurance
carriers due to a change in Xavier's employment. As a result, they non-suited all claims
against BCBS, except the claim for attorney's fees. The trial court awarded the Duenezes
$32,000 in attorney's fees under section 37.009 of the civil practice and remedies code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997) (allowing "costs" in action
for declaratory judgment). 

In an appeal to this Court, BCBS argued that the trial court lacked subject matter
jurisdiction to award attorney's fees because the Duenezes failed to exhaust the
administrative remedies mandated by the Texas Employees Group Benefits Act (the ERS
Act). We disagreed, holding that ERS's exclusive jurisdiction was limited to disputes
concerning enrollment or payment and that the Duenezes' suit "relate[d] to the extent of
the . . . plan's coverage." Blue Cross Blue Shield of Tex. v. Duenez, No. 13-03-481-CV,
2005 Tex. App. LEXIS 4076 (Corpus Christi, May 26, 2005) (memorandum opinion), rev'd
and judgment vacated, 201 S.W.3d 674 (Tex. 2006) (per curiam). 

BCBS then filed a petition for review with the Texas Supreme Court, arguing that
the case should be dismissed for lack of subject matter jurisdiction. Without hearing oral
argument, the Texas Supreme Court granted BCBS's petition for review, vacated this
Court's judgment, and dismissed the case for want of jurisdiction. Blue Cross Blue Shield
v. Duenez, 201 S.W.3d 674 (Tex. 2006). 

Throughout this period of time--a total of nine years since the accident--the
Duenezes were also involved in litigation with the drunk driver and the owner of the
convenience store that had sold alcohol to him on the day of the accident, a company
known as F.F.P. Operating Partners, L.P. ("FFP"). Five members of the Duenez family
had been injured in the accident, including Ashley, and all five sued FFP. Following a jury
trial, the Duenezes succeeded in obtaining a judgment against FFP for an amount in
excess of $35 million, plus costs and prejudgment interest.

FFP appealed the judgment to this Court and we affirmed it. F.F.P. Operating
Ptnrs., L.P. v. Duenez, 69 S.W.3d 800 (Tex. App.--Corpus Christi 2002), rev'd and
judgment vacated, 2006 Tex. LEXIS 1130, 50 Tex. Sup. Ct. J. 102 (Tex. 2006). FFP then
filed a petition for review with the Texas Supreme Court, which was granted. The Texas
Supreme Court initially affirmed our judgment, but it later changed its decision on
rehearing. See F.F.P. Operating Ptnrs., L.P. v. Duenez, 2004 Tex. LEXIS 778, 47 Tex.
Sup. Ct. J. 1068 (Tex. 2004), opinion withdrawn and substituted, 2006 Tex. LEXIS 1130,
50 Tex. Sup. Ct. J. 102 (Tex. 2006). 

While FFP motion for rehearing was pending, Xavier, Irene, and Ashley Duenez
settled their claims against FFP. Only the claims of the family's other two children, Pablo
and Carlos Duenez, remained against FFP. On November 3, 2006, the Texas Supreme
Court withdrew its prior opinion and reversed what remained of the judgment against FFP,
the claims of Xavier, Irene, and Ashley Duenez having already been settled. F.F.P.
Operating Ptnrs., L.P. v. Duenez, 50 Tex. Sup. Ct. J. 102 (Tex. 2006). It then remanded
the case for a new trial. Id. 

 The lawsuit giving rise to the current appeal began after Xavier, Irene, and Ashley
Duenez settled their claims in the FFP lawsuit. BCBS sued Xavier and Irene Duenez in
Travis County District Court to recover a portion of the FFP settlement proceeds on behalf
of ERS and to get an award of attorney's fees for BCBS. (1) On the Duenezes' motion, the
case was transferred to the 24th District Court of Calhoun County, which is why this appeal
has been filed with the Thirteenth Court of Appeals rather than the Third Court of Appeals. 

 Although ERS is named as a defendant by BCBS's live petition, ERS is a defendant
in name only. ERS is not adverse to BCBS's claims. In fact, BCBS's claims have been
pled for the express benefit of ERS, as shown in footnote 1. Not only are the parties not
adverse to each other, they also have an ongoing agency relationship controlled by statute. 
See Tex. Ins. Code. Ann. § 1551.056 (Vernon 2006). BCBS is not a governmental unit or
a common-law charity. Abbott v. Blue Cross & Blue Shield of Tex., Inc., 113 S.W.3d 753,
769 (Tex. App.--Austin 2003, pet. denied). It is an insurance company that ERS hires to
perform independent administrator services. See Tex. Ins. Code. Ann. § 1551.056. 

 BCBS brings its lawsuit in its capacity "as ERS's administrating firm"--as an agent
for ERS. In addition, ERS maintains on appeal that BCBS has no right or interest in the
settlement proceeds, a contention that BCBS has not contested. See Brief of Appellant
ERS, p. xi. ("Subrogation proceeds recovered through Blue Cross' administration of
HealthSelect are the sole property of the Group Benefits Program, and Blue Cross has no
right or interest in such proceeds."). Based on its pleadings, it is unclear why BCBS named
ERS as a defendant. (2)

 ERS moved to dismiss this lawsuit. The trial court denied its request. In this
appeal, ERS argues that it has exclusive jurisdiction over subrogation disputes, including
the subrogation claim filed by BCBS on its behalf. BCBS has not filed an appellate brief
with this Court. It is worth noting, however, that BCBS's live petition requests from the
district court, in the alternative to a money judgment, "[a] declaration that ERS has primary
jurisdiction and authority" over the parties' subrogation dispute. It therefore appears that
the interests of BCBS and ERS are fully aligned in this litigation, even though BCBS has
named ERS as a defendant. 

II. Standard of Review

As an intermediate court of appeals, we have limited jurisdiction to review
interlocutory rulings. Our interlocutory jurisdiction in civil cases is specified in section
51.014 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014. ERS brings this appeal under subsection (a)(8), which allows a
governmental unit to appeal the denial of a plea to the jurisdiction. See id. § 51.014(a)(8). 
Because ERS is a governmental unit and because its appeal involves an issue of subject
matter jurisdiction, which is a question of law, we review the trial court's ruling de novo. 
See Subaru of Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex. 2002).

III. Analysis

Texas district courts have "exclusive, appellate, and original jurisdiction of all actions,
proceedings, and remedies, except in cases [in which jurisdiction is] conferred . . . on some
other court, tribunal, or administrative body." Tex. Const. art. V, § 8; Duenez, 201 S.W.3d
at 675. An administrative agency has exclusive jurisdiction when the Legislature grants it
the sole authority to make an initial determination in a dispute. Duenez, 201 S.W.3d at
675. In such matters, a complaining party must exhaust administrative remedies before
seeking review in district court. In re Entergy Corp., 142 S.W.3d 316, 321-22 (Tex. 2004). 
Until the party has satisfied the exhaustion requirement, the trial court lacks subject matter
jurisdiction and must dismiss without prejudice those claims within the agency's exclusive
jurisdiction. David McDavid Nissan, 84 S.W.3d at 221.

Whether ERS has exclusive jurisdiction over the parties' subrogation dispute is a
matter of "statutory interpretation." See In re Entergy Corp., 142 S.W.3d at 322. An
agency has exclusive jurisdiction if a statutory scheme indicates that the Legislature
intended for the agency's regulatory process to be the exclusive means of remedying the
problem to which the regulation is addressed. Duenez, 201 S.W.3d at 675-76. In
determining legislative intent, we look to the "plain and common" meaning of the "statutory
language." Id. at 676 (quoting City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25
(Tex. 2003)). 

When state employees are covered by the insurance plan at issue, BCBS serves
as their claims administrator for ERS-derived health benefits; thus, disputes arising from
the plan are subject to the provisions of the ERS Act. Duenez, 201 S.W.3d at 676. The
word "subrogation" appears nowhere in the statutes that created ERS and enable its
continuing operations, including its ongoing relationship with BCBS. See Tex. Gov't Code
Ann. §§ 811.001-811.02 (Vernon 2004 & Supp. 2006) (creating "Employees Retirement
System of Texas"); Tex. Ins. Code Ann. §§ 1551.001-1551.407 (Vernon 2006) ("Texas
Employees Group Benefits Act"). Rather, the Act provides that ERS's executive director
"has exclusive authority to determine all questions relating to enrollment in or payment of
a claim arising from [ERS] group coverages or benefits." Tex. Ins. Code Ann. § 1551.352.
Generally, the executive director's determination may be appealed only to the ERS Board
of Trustees. Id. § 1551.355. A party aggrieved by the Board's decision may then seek
judicial review in a Travis County district court, where the determination is subject to
substantial-evidence review. Id. § 1551.359. These "are the exclusive remedies available
to an employee, participant, annuitant, or dependent." Id. § 1551.014.

Although the ERS Act specifies the "exclusive remedies available to an employee,
participant, annuitant, or dependent," it does not specify any subrogation rights or
procedures for ERS. The closest the Act gets to "subrogation" are the "general powers"
given to the ERS board of trustees, which include powers to "establish procedures for the
board of trustees to decide contested cases arising from a coverage provided under this
chapter." Id. § 1551.055(5). However, the Act does not clearly state that ERS has the
exclusive authority to decide subrogation disputes. 

ERS contends that, under section 1551.052(b), it is authorized to adopt a Plan
Document to assist in implementing the Act and its purposes. Brief of Appellant, p. 8
(citing Tex. Ins. Code Ann. § 1551.052(b)). ERS contends that this authority allows it to
modify or supplement the statutory benefits program authorized by the Legislature by
adding subrogation provisions not otherwise included in the ERS Act. It then takes the
argument one step further by asserting exclusive authority to resolve subrogation disputes. 
We disagree that the Legislature intended such a result. In other instances in which subrogation disputes arise, the Legislature has enacted
specific subrogation statutes that fix the parties' respective rights and obligations. See,
e.g., Tex. Lab. Code Ann. § 417.001 (Vernon 2006) (providing for "third party liability" under
worker's compensation statute). This has allowed administrative agencies such as the
Texas Workers' Compensation Commission to make preliminary determinations, and those
decisions have been subject to appeal in state court only after all administrative remedies
have been exhausted. See, e.g., City of Corpus Christi v. Gomez, 141 S.W.3d 767 (Tex.
App.--Corpus Christi 2004, no pet.). (3)

 Here, there is no statutory authority to guide ERS's resolution of subrogation
disputes. In fact, any right to subrogation that ERS has against the Duenezes is a matter
of contract, not a statutory right. That is, the subrogation rights of the parties are stated
in the Plan Document (i.e., ERS's HealthSelect of Texas Managed Care Plan), not a
statute. (4)

Given that neither the Legislature nor the courts of this State has interpreted those
contractual rights, we conclude that this dispute is not one of the "contested cases" over
which the Legislature has given ERS "exclusive authority." See Tex. Ins. Code Ann. §
1551.352. 

In reaching this holding, we note that the absence of statutory guidance on
subrogation disputes in the ERS Act contrasts sharply with the "contested cases" over
which the Legislature clearly granted ERS "exclusive authority." For instance, the Act
specifically describes how ERS is to determine contested issues of enrollment through
eligibility criteria that were determined by the Legislature. Id. §§ 1551.101-.159 (eligibility). 
The Act also specifies ERS's authority to define "basic coverages," "optional coverages,"
and "voluntary coverages," including specific "limitations" on ERS's authority to define the
various coverages. Id. §§ 1551.202-.206. Furthermore, the Act specifies limited
"sanctions" that ERS may impose against an "employee, participant, annuitant, or
dependent" in various situations. Id. § 1551.351. 

In all of this detail, there is absolutely no statutory guidance on how ERS is to
resolve subrogation disputes. We believe the absence of a statutory scheme is consistent
with the Legislature not conferring exclusive authority to ERS to resolve subrogation
disputes. See In re Entergy Corp., 142 S.W.3d at 322 (explaining that "administrative
agencies . . . may exercise only those powers the law confers upon them in clear and
express statutory language and those reasonably necessary to fulfill a function or perform
a duty that the Legislature has expressly placed with the agency"). 

Moreover, we disagree with ERS's contention that the district court lacks subject
matter jurisdiction because the Duenezes failed to exhaust their administrative remedies
prior to filing suit. Brief of Appellant, p. 16. The suit was filed by BCBS, not the
Duenezes. It should also not be overlooked that BCBS initiated the suit in its capacity as
ERS's agent. 

We are especially concerned that, even in making this interlocutory appeal to
challenge jurisdiction, ERS has sought to invoke the jurisdiction of the judicial system to
declare something that the Legislature has not declared--that ERS has exclusive authority
to resolve subrogation disputes. We believe that if the Legislature had actually intended
this result, ERS's authority would be clearly stated in the statute. Instead, to the extent
that ERS has exercised authority to resolve subrogation disputes pursuant to its Plan, it
has done so without clear authority from the Texas Legislature and without any recognition
or approval from the Texas Supreme Court. 

The trial court's order denying ERS's motion to dismiss is therefore AFFIRMED. 



 

 DORI CONTRERAS GARZA,

 Justice


Opinion delivered and filed this 

the 5th day of April, 2007.

1. BCBS's live petition (its second amended original petition) requests a judicial declaration from the
district court that "ERS/Blue Cross is entitled to recover its full subrogation interest from . . . [the Duenezes],
and that neither the 'Made Whole Doctrine' nor the 'Common Fund Doctrine' nor any other legal or equitable
doctrine applies to reduce that subrogation interest." (emphasis added). In addition, BCBS seeks a
"[m]onetary judgment in favor of ERS/Blue Cross for the full amount of the ERS subrogation interest." In the
alternative, BCBS seeks declaratory relief, including "a declaration that ERS has primary jurisdiction and
authority to determine whether the group health care coverages are or are not subject to the 'Made Whole
Doctrine,' the 'Common Fund Doctrine,' or any other legal or equitable doctrine . . . ." 
2. With respect to ERS, BCBS's live petition alleges, "Pursuant to Rule 39(c), and subject to and
without waiving Plaintiff's claims regarding ERS' exclusive or primary jurisdiction over this matter, Plaintiff
Blue Cross alleges that if this Court has jurisdiction over this case, Defendant ERS is, within the meaning of
Rule 39(a), a party whose joinder to this litigation is needed for just adjudication."
3. The Texas Workers' Compensation Commission ceased to exist as of August 31, 2005. See Act of
June 1, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607. The Commission has been
replaced by the Texas Department of Insurance - Division of Workers' Compensation. See id. 
4. Article IX of the HealthSelect of Texas Managed Care Plan includes the following provision for
subrogation:


T. Subrogation/Right of Recovery


a. This provision applies when another party (person or organization) is or may be
considered responsible for payment because of a Participant's injury or sickness for which
benefits under the Plan have been provided. 


b. To the extent of such services provided, the Plan is subrogated to all rights of recovery
the Participant has and the Plan may assert such rights independent of the Participant. Also,
if the Participant has obtained or obtains a court judgment, settlement, arbitration, award,
or other monetary recovery from another party, because of the injury or sickness, the Plan
is entitled to reimbursement from the proceeds of the recovery to the extent of benefits
provided. If a recovery is made, the Plan shall have first priority over the Participant or any
other party to receive from said recovery reimbursement of the benefits the Plan has
provided. This priority shall apply and reimbursement shall be required:


(1) even though the third-party payment does not compensate the Participant for his or her
whole loss;


(2) whether or not liability for payment is admitted by the third-party;


(3) whether or not such recovery is itemized or called anything other than a recovery for
medical expenses incurred;


(4) from any recovery, including but not limited to, uninsured or underinsured motorist
coverage, any no-fault insurance, medical payment coverage (auto, homeowners or
otherwise), worker's compensation settlements or awards, other group insurance including
student plans and direct recoveries from liable parties.