Affirmed and Majority and Dissenting Opinions filed December 18, 2007








Affirmed and Majority and Dissenting Opinions filed
December 18, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00472-CV

_______________

 

SUPERMERCADO TELOLOAPAN, INC.

D/B/A TELOLOAPAN MEAT MARKET, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

                                                                                                                                               


On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 05-60093

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N

                                                                              

In 2005, Supermercado, a grocery
store operator, applied to the Texas Alcoholic Beverage Commission (the ACommission@) for an off-premise beer and wine
permit.  To satisfy a condition for obtaining the permit, Supermercado
requested the City to certify that the location of its store was in a Awet area@ and that the sale of beverages there
was not prohibited by ordinance.  See Tex. Alco. Bev. Code Ann. ' 61.37 (Vernon 2007).  However, the
City refused to certify the latter because it concluded that a charter school
was located less than the required 300 feet from the store.








Supermercado thereafter sought a
declaratory judgment in the trial court that the applicable ordinance and
provision of the Texas Alcoholic Beverage Code (the ACode@) require that the distance be
measured in a different manner than the City measured it.  After a bench trial,
the trial court denied the relief sought by Supermercado and issued findings of
fact and conclusions of law.      

Subject matter jurisdiction exists only
by operation of law and cannot be conferred by consent or waiver.  Univ. of
Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 358 (Tex. 2004). 
Therefore, a court is obliged to ascertain that subject matter jurisdiction
exists regardless whether the parties have raised it.  Id. 

Texas district courts generally have
jurisdiction over all actions except those for which jurisdiction has been
conferred on some other court, tribunal, or administrative body.  Tex. Const.
art. V, ' 8.  Therefore, where an
administrative agency has exclusive jurisdiction over a determination, a
complaining party must exhaust administrative remedies before seeking review in
a district court; and a district court lacks subject matter jurisdiction, and
must dismiss any such claims until the party has satisfied this requirement.  In
re Sw. Bell Tel. Co., __ S.W.3d __, __ (Tex. 2007).[1]








A party cannot circumvent an agency's
exclusive jurisdiction by filing a declaratory judgment action if the subject
matter of the action is one over which the Legislature intended the
administrative agency to exercise exclusive jurisdiction.  Blue Cross Blue
Shield of Tex. v. Duenez, 201 S.W.3d 674, 675 (Tex. 2006).[2] 
An administrative agency has exclusive jurisdiction when the Legislature grants
it the sole authority to make an initial determination in a matter and a
pervasive regulatory scheme indicates that the Legislature intended for the
regulatory process to be the exclusive means of remedying the problem to which
the regulation is addressed.  Id.  at 675B76.  However, it is not essential
that the statute contain an express grant of exclusive jurisdiction to the
agency.[3] 

Unless otherwise specifically
provided in the Code, the sale, distribution, transportation, and possession of
alcoholic beverages is Agoverned exclusively@ by the Code.  Tex. Alco. Bev. Code
Ann. ' 1.06 (Vernon 2007).  No person may
sell, possess for the purpose of sale, distribute, or store liquor, unless he
has obtained a permit for this privilege.  Id.  '' 26.03(a); 61.01 (Vernon 2007). Under
the Code, the Commission is the only body that is authorized to issue alcoholic
beverage permits (although a county judge is also authorized to deny them).[4] 
See id.  '' 26.03(a), 61.33(a) (Vernon 2007).  The Code contains
extensive procedures for permit applications, hearings, determinations, and
appeals of determinations, including to the district courts.  See id. '' 11.01-75.05 (Vernon 2007).  The
plain language of these provisions clearly indicates that this pervasive
regulatory scheme is intended to be the exclusive means of seeking and
litigating alcoholic beverage permits.

Because the certification sought from
the City by Supermercado was one step in this permit application process,
related directly to that process, and arises only in connection with such an
application, this declaratory judgment action involves the same subject matter
as that over which the Commission has exclusive jurisdiction.  See Duenez,
201 S.W.3d at 676;  Sells v. Roose, 769 S.W.2d 641, 643 (Tex. App.CAustin 1989, no writ).  Therefore,
because Supermercado had not exhausted its administrative remedies, the
district court lacked subject matter jurisdiction over the declaratory judgment
action,[5] and we should
reverse the judgment 

 








of the trial court and order the case
dismissed for lack of subject matter jurisdiction.

 

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

 

Judgment rendered and Majority and
Dissenting Opinions filed December 18, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.* (Hedges, C.J. majority).









[1]           Though not applicable in this case,
exceptions to the exhaustion rule include instances in which an official has
acted without legal or statutory authority, the administrative agency lacks
jurisdiction, or an administrative order violates a constitutional right or
adversely affects a vested property right.  See Tex. Natural Res.
Conservation Comm=n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002); Tex. Educ. Agency v. Cypress-Fairbanks
Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992); Stone v. Tex. Liquor
Control Bd., 417 S.W.2d 385, 385B86
(Tex. 1967).





[2]           See Thomas v. Long, 207 S.W.3d 334,
342 (Tex. 2006).





[3]           See Thomas, 207 S.W.3d at 340.





[4]           See id. '' 61.31, 61.32, 61.34(a), 61.43(a) (Vernon 2007).





[5]           See Duenez, 201 S.W.3d at
676.





*           Senior Justice Richard H. Edelman, sitting
by assignment.