Affirmed and Majority and Concurring and Dissenting Opinions filed May
3, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00284-CV

___________________

 

Lady Edwards, Appellant

 

V.

 

City of Tomball, Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2009-18524

 



 

 

MAJORITY OPINION

          Appellant, Lady Edwards, filed this interlocutory appeal
from the trial court’s granting of the Second Plea to the Jurisdiction filed by
appellee, the City of Tomball (“Tomball”).  Finding no error, we affirm.

Factual and Procedural Background

In Chapter 707 of the Texas Transportation Code, the
Texas Legislature authorized municipalities to impose civil fines on owners of
vehicles that have been photographed driving through a red light at designated
intersections.  See Tex. Transp. Code Ann. § 707.001 et seq (West
Supp. 2009).  Pursuant to that statutory authority, Tomball enacted Tomball
Ordinance No. 2007-08, its so-called Red Light Camera Ordinance.[1]

According to the Red Light Camera Ordinance, the
owner of a motor vehicle that runs a steady red light is liable to Tomball for
a civil penalty of $75.00.  The ordinance provides that in order to impose the
civil penalty, the Tomball Police Department must provide prompt, detailed
notice of the violation to the vehicle owner.  The ordinance requires, among
other things, notice adequate to inform the vehicle owner of the details of the
violation, a copy of a photograph taken of the violation, the amount of the
civil penalty, the due date for payment, and information regarding the owner’s
right to contest the imposition of the civil penalty in an administrative
adjudication.  The Tomball ordinance further provides that the notice of
violation advise the owner that a request for the administrative hearing must
be made in writing within a specified time period, and that failure to pay the
penalty timely or otherwise request an administrative hearing would constitute
a conclusive admission of liability and waiver of the owner’s right to appeal
to Tomball municipal court.  The ordinance also requires notice adequate to
inform the owner that the failure to pay the fine would not result in his or
her arrest.  The ordinance further provides that the administrative hearing
must be held by an administrative hearing officer appointed by the city
manager.  The ordinance also requires that at the conclusion of the hearing,
the hearing officer must make a written finding of “liable” or “not liable.” 
Finally, the ordinance provides for a right of de novo appeal from the result
of the administrative hearing to the Tomball municipal court.

Chapter 707 of the Transportation Code authorizes
local governments, by ordinance, to impose civil fines on owners of vehicles
that have been photographed driving through a red light.  Tex. Transp. Code
Ann. § 707.002.  Section 707.011 provides that a notice of violation “must”
contain certain items of information, all of which are consistent with the same
notice requirements found in the Tomball Red Light Camera Ordinance.  Id.
at § 707.011.  In addition, section 707.003(c) provides that before installing
a photographic traffic signal enforcement system at an intersection, the local
government “shall conduct a traffic engineering study of the approach to
determine whether, in addition to or as an alternative to the system, a design
change to the approach or a change in the signalization of the intersection is
likely to reduce the number of red light violations at the intersection.”  Id.
at § 707.003(c).  If section 707.003(c) is violated, a penalty pursuant to
Chapter 707 may not be imposed.  Id. at § 707.003(f).

Like the Tomball Red Light Camera Ordinance, Chapter
707 provides for an administrative adjudication hearing if the owner of the
vehicle challenges the imposition of the civil penalty and a de novo appeal to
either the appropriate municipal or justice court.  Id. at §§ 707.014,
707.016.  Under section 707.014(h), if a person is found liable for violating a
red light camera ordinance, the finding of liability “must specify the amount
of the civil penalty for which the person is liable.”  Id. at
§707.014(h).  As is true under the Tomball Red Light Camera Ordinance, the
owner’s failure to either pay the civil penalty or to timely contest liability
constitutes a conclusive admission of liability and waives the owner’s right to
appeal to municipal court.  Id. at §707.012.  Chapter 707 also provides
that if a person who has been found liable for violating a red light camera
ordinance of a municipality decides to appeal that determination, she must
appeal to the municipal court of that municipality.  Id. at
§707.016(a)(2).  In defining the powers of municipal courts, the Government
Code provides that “a municipal court, including a municipal court of record,
shall have exclusive appellate jurisdiction within the municipality’s territorial
limits in a case arising under Chapter 707, Transportation Code.”  Tex. Gov’t
Code Ann. § 29.003(g) (West Supp. 2009).  

Appellant has received numerous notices of violations
of the Tomball Red Light Camera Ordinance; however, only four are at issue in
this appeal.  The relevant notices alleged that appellant’s vehicle was
photographed running a red light within the Tomball city limits on the
following dates: (1) August 28, 2008 (violation TBR 08008959A); (2) October 31,
2008 (violation TBR 08011211); (3) November 28, 2008 (violation TBR 08011994); and
(4) March 19, 2009 (violation TBR 09002547).

Only the notices of violation for violations TBR
08011994 and TBR 09002547 appear in the appellate record.  However, in her
Third Amended Petition in Intervention, appellant avers that the notices for
all of the relevant violations, including TBR 08008959A and 08011211, are
identical.

The notices factually describe the violation, cite
the city ordinance violated, and identify the date and time of the violation,
the owner of the vehicle, and the registration number of the vehicle’s license
plate.  The notices also contain a photograph taken of the offending vehicle
and state that the recorded images “do constitute evidence of a violation of
the Ordinance # 2007-08.”  The notices recite the amount of the potential civil
penalty.  The notices advise appellant of the following: (1) her right to
contest the charges in an administrative hearing; (2) the deadline to either
pay the civil penalty if she elects not to contest liability or to request a
hearing; (3) failure to pay the fine or to contest liability in a timely manner
would constitute “an admission of liability and waiver of your right to contest
the imposition of the civil penalty;” (4) failure to respond to the notice
would result in the imposition of an additional $25.00 late payment penalty;
(5) failure to pay the civil penalty may result in her being reported to a
collection agency and the county assessor-collector, or the Texas Department of
Transportation, who may refuse to register the vehicle alleged to have been
involved in the violation; (6) if found liable at the administrative hearing or
if she failed to appear at the hearing, she would be required to pay an
additional $25.00 administrative fee; (7) failure to appear at the hearing
after requesting one would result in her being found liable; (8) the method to
calculate the date the payment would be due if she was found liable at the
administrative hearing; and (9) that “[n]o record of this violation will be
sent to your insurance company or to the Department of Public Safety Division
of Motor Vehicles.”

With respect to violation TBR 09002547, appellant
requested an administrative hearing, which was held on April 28, 2009.  The
hearing officer found appellant “liable.”  At the end of the hearing, appellant
received a written “Notice of Right to Appeal.”  The “Notice of Right to
Appeal” informed appellant (1) she had a right to appeal the liability
determination to Tomball Municipal Court; (2) the location to file the appeal
and the deadline to do so; (3) that she would be required to pay a $50.00
appellate filing fee to stay the enforcement of the civil penalty; and (4) if
she was found not liable in the Tomball Municipal Court, the $50.00 appellate
filing fee would be refunded to her.  Following the conclusion of the
administrative hearing, appellant did not appeal to the Tomball Municipal Court
and did not pay the amount owed.

With respect to violation TBR 08011994, appellant did
not timely pay the civil penalty or contest liability by requesting an
administrative hearing.  After receiving correspondence from a collection
agency representing Tomball, appellant paid the $75.00 civil penalty and $25.00
late payment penalty.  With respect to violations TBR 08008959A and TBR
08011211, appellant did nothing.

In July 2009 appellant intervened in a lawsuit filed
by a third party against Tomball.[2]
 In her lawsuit against Tomball, appellant does not deny the underlying red
light violations.  Instead, appellant alleges that several procedural
infirmities render all of the proceedings against her void, illegal, or
unauthorized.  The first deficiency appellant points out is that the initial
notices of violation do not contain the recital required by both the
Transportation Code and the Tomball ordinance that failure to timely pay the
civil penalty would not result in the violator’s arrest.

The second deficiency noted by appellant is that
although the notices advised appellant that failure to timely respond would
waive her right to contest liability, they did not specifically include the
statement required by statute and ordinance that failure to timely respond
would waive her right to appeal to municipal court.

Appellant asserts that the third deficiency is found
not in the initial notices she received but instead in the “Notice of Right to
Appeal” she received following her administrative hearing for violation TBR
09002547.  According to appellant this notice does not qualify as a proper
determination of liability under section 707.014(h) of the Texas Transportation
Code because it did not state the amount of the civil penalty for which she was
allegedly liable.  According to appellant, because the “Notice of Right to
Appeal” was not a proper determination of liability, the exclusive appellate
jurisdiction of the Tomball Municipal Court was not invoked.

Finally, appellant argues that Tomball did not
conduct the traffic study required by section 707.003(c) of the Texas
Transportation Code.  Appellant then contends that since Tomball did not
conduct the statutorily required traffic study, the same section of the
Transportation Code prohibited Tomball from imposing any civil penalty on her.  

Based on these procedural deficiencies, appellant,
pursuant to the Uniform Declaratory Judgment Act, sought a declaration that the
civil penalties and fees she paid are void, illegal, or unauthorized as well as
a mandatory injunction ordering Tomball to refund to her the money she paid.  See
Tex. Civ. Prac. & Rem. Code Ann. § 37.001 et seq (West 2008).  In
addition, with respect to the civil penalties and fees she has not paid,
appellant sought a declaration of non-liability and an injunction ordering
Tomball, among other things, to cease and desist from all further collection
efforts.[3]

On October 7, 2009, Tomball filed its Second Plea to
the Jurisdiction, which it supplemented in December 2009.  In its plea, Tomball
asserted two primary grounds.  First, Tomball argued that appellant’s claims
were barred by sovereign immunity.  Second, Tomball asserted that appellant’s
district court action was barred by the fact that Tomball’s municipal court is
vested with exclusive appellate jurisdiction for all claims arising under
Chapter 707 of the Texas Transportation Code and appellant failed to exhaust
her administrative remedies.  The trial court granted the plea on March 8, 2010
dismissing appellant’s suit against Tomball for want of jurisdiction without
specifying the basis for doing so.  Claims against the third party contractor
responsible for operating Tomball’s red light camera system remained.  On March
26, 2010, appellant filed her notice of interlocutory appeal from the order
granting Tomball’s Second Plea to the Jurisdiction.  On May 18, 2010, the trial
court denied appellant’s motion to file a new, unspecified amended petition against
Tomball as well as appellant’s request for findings of fact and conclusions of
law.  On July 28, 2010, the trial court signed an agreed order non-suiting the
third party thereby making final the order granting Tomball’s Second Plea to
the Jurisdiction.  No further notices of appeal were filed.

Discussion

             In this
interlocutory appeal, appellant contends the trial court erred when it granted
Tomball’s Second Plea to the Jurisdiction.  Appellant raises two issues in
support of that contention.  First, appellant generally asserts that the trial
court erred when it granted Tomball’s plea.  Second, appellant contends the
trial court erred when it denied appellant’s (1) request for findings of fact
and conclusions of law; and (2) motion to amend her pleadings to cure any
alleged pleading deficiency.  We address each issue in turn.

I.         Did the trial
court err when it granted Tomball’s Second Plea to the Jurisdiction?

            In her first
issue, appellant contends the trial court erred in granting appellees’ Second
Plea to the Jurisdiction.  In this first issue, appellant challenges each of
the grounds asserted by Tomball in its Second Plea to the Jurisdiction. 
Because we conclude appellant’s failure to pursue her legislatively mandated
administrative remedies supports the trial court’s granting of Tomball’s Second
Plea to the Jurisdiction, we need not address any of the other grounds,
including sovereign immunity, asserted by Tomball in its Second Plea to the
Jurisdiction. 

A.        The Applicable Law and the Standard of
Review

A plea to the jurisdiction challenges the trial
court’s authority to determine the subject matter of a specific cause of
action.  See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  Whether a trial court has subject matter jurisdiction is a question of
law.  State v. Holland, 221 S.W.3d 639, 642 (Tex. 2007).  Therefore, we
review a challenge to the trial court’s subject matter jurisdiction de novo.  Id. 
In performing this review, an appellate court does not look to the merits of
the case, but considers only the pleadings and evidence relevant to the
jurisdictional inquiry.  Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  When reviewing a trial court’s ruling on a
plea to the jurisdiction, we construe the plaintiff’s pleadings liberally in
the plaintiff’s favor and look to the pleader’s intent.  Id.  We take as
true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Id. at 228. 
In addition, the question of whether undisputed evidence, which is the
situation we are presented with here, establishes a trial court’s jurisdiction
is a question of law.  Id. at 226.  If the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff an opportunity to amend.  Id.

In addition, this appeal requires a review of the
trial court’s interpretation and application of both the Transportation Code
and the Government Code.  It is well settled in Texas that statutory
interpretation presents a question of law subject to de novo review.  Mitchell
Energy Corp. v. Ashworth, 943 S.W.2d 436, 437 (Tex. 1997).  A trial court
has no discretion when evaluating a question of law.  See Huie v. DeShazo,
922 S.W.2d 920, 927 (Tex. 1996); Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  Texas courts of appeal are required to conduct an independent
review and evaluate the statute to determine its meaning.  Id.

A court must construe statutes as written and, if
possible, ascertain legislative intent from the statute’s language.  Helena
Chemical Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).  Even when a
statute is not ambiguous on its face, we can consider other factors to
determine the Legislature’s intent, including the object sought to be obtained;
the circumstances of the statute’s enactment; the legislative history; the
common law or former statutory provisions, including laws on the same or
similar subjects; the consequences of a particular construction; administrative
construction of the statute; and the title, preamble, and emergency provision. 
Id.  In addition, a court must always consider the statute as a whole
rather than its isolated provisions.  Id.  In our construction, we must
presume the statute is intended to be effective, a just and reasonable result
is intended, a result feasible of execution is intended, and the public
interest is favored over private interest.  See Tex. Gov’t Code Ann. §
311.021 (West 2005); Compass Bank v. Bent Creek Inv., Inc., 52 S.W.3d
419, 424 (Tex. App.—Fort Worth 2001, no pet.).  Construction of a statute that
would render a provision useless is not favored in the law.  Carson v.
Hudson, 398 S.W.2d 321, 323 (Tex. App.—Austin 1966, no writ).

            B.        Analysis

            Appellant begins her
first issue by pointing out that Texas district courts are courts of general jurisdiction
and then quotes the Texas Supreme Court’s opinion in Dubai Petroleum Co. v.
Kazi for the proposition that “all claims are presumed to fall within the
jurisdiction of the district court unless the Legislature or Congress has
provided that they must be heard elsewhere.”  12 S.W.3d 71, 75 (Tex. 2000).  Appellant
then argues that Tomball’s efforts to enforce the Red Light Camera Ordinance
against her are void, illegal, or unauthorized due to the procedural
infirmities mentioned above.  Based on that initial premise, appellant argues that
the Legislature’s action in establishing a pervasive administrative procedure
to handle contested red light camera violations and then vesting exclusive
appellate authority for those claims in the appropriate municipal court, does
not deprive the trial court of the jurisdiction to resolve her claims for a
declaratory judgment and injunctive relief.

            We turn first to
appellant’s reference to the verity that a district court in Texas is a court
of general jurisdiction covering all claims.  While we indeed presume that
district courts are authorized to resolve all disputes, that presumption
disappears if the Texas Constitution or other law conveys exclusive
jurisdiction on another court or administrative agency.  In re Southwestern
Bell Tel., 235 S.W.3d 619, 624 (Tex. 2007).  An agency has exclusive
jurisdiction when a pervasive regulatory scheme indicates that the Legislature
intended for the regulatory process to be the exclusive means of remedying any
claims that arise related to that regulatory scheme.  Id. at 624–25. 
When the Legislature enacted the pervasive regulatory scheme found in Chapter
707, we conclude its intent in doing so was to ensure that the vast majority of
claims arising out of the use of red light camera systems would be resolved at
the administrative level and the creation of this new enforcement system would
not overburden the courts.  See MAG-T, L.P. v. Travis Central Appraisal
Dist., 161 S.W.3d 617, 624 (Tex. App.—Austin 2005, pet. denied) (addressing
real property tax appraisals).  An administrative agency has exclusive
jurisdiction when the Legislature grants it the sole authority to make an
initial determination in a matter and the regulatory scheme indicates that the
Legislature intended for the regulatory process to be the exclusive means for
remedying issues related to that scheme.  Blue Cross Blue Shield of Tex.,
Inc. v. Duenez, 201 S.W.3d 674, 675–76 (Tex. 2006).  When an agency or
other court has exclusive jurisdiction to handle issues arising under the
regulatory scheme, a district court does not normally have subject matter
jurisdiction to address those same issues.  See Southwestern Bell Tel.,
235 S.W.3d at 624–25.  We conclude that Chapter 707 of the Transportation Code
authorized municipalities such as Tomball to establish a red light camera
enforcement system.  We further conclude that if the municipality elects to set-up
a red light camera enforcement system, Chapter 707 requires that municipality to
establish an exclusive administrative scheme to handle disputes arising out of
that system.   

We also disagree with appellant’s argument that the
procedural deficiencies in Tomball’s efforts to enforce the Red Light Camera
Ordinance against appellant render those acts void, illegal, or unauthorized
and thereby permit her to ignore the administrative process established by the
Legislature.  A judgment or act is void only if it is apparent that the court
or agency rendering the judgment or taking the action had no jurisdiction of
the parties, no jurisdiction of the subject matter, no jurisdiction to enter
the judgment, or no capacity to act.  See Mapco, Inc. v. Forrest, 795
S.W.2d 700, 703 (Tex. 1990).  The fact that an action by a court or agency
violates a statute, statutory equivalent, constitutional provision, or rule of
procedure does not make the action void, but merely renders it voidable or
erroneous.  Id.  

Appellant admits she received notice of each of the
four violations of Tomball’s Red Light Camera Ordinance at issue in this
appeal.  In addition, appellant does not challenge Tomball’s authority to enact
and enforce the Red Light Camera Ordinance.  Instead, she argues that the
manner in which Tomball enforced the Red Light Camera Ordinance against her does
not fully comply with all of the procedural requirements established by Chapter
707 of the Transportation Code and the Tomball Red Light Camera Ordinance.  We
hold these deficiencies do not render those efforts void, but voidable.  Id. 
We further hold that if appellant wished to contest imposition of the civil
penalty for violating Tomball’s Red Light Camera Ordinance based on these
procedural deficiencies, she was required to do so through the administrative
procedure established by Chapter 707 of the Texas Transportation Code and the
Red Light Camera Ordinance and if still dissatisfied, she was required to
appeal to Tomball Municipal Court for a trial de novo.  See Harris Cty.
Appraisal Dist. v. Pasadena Property, L.P., 197 S.W.3d 402, 406 (Tex.
App.—Eastland 2006, pet. denied) (“A taxpayer cannot elect to do nothing when
confronted with a notice or tax bill that the taxpayer believes to be erroneous
…, and then file suit in the district court; that would defeat the entire tax
scheme the Tax Code provides for protesting and appealing actions of the taxing
authorities.”).

Appellant was provided with due process but chose not
to embrace her opportunities to protest the actions of which she now
complains.  See MAG-T, L.P., 161 S.W.3d at 631–32 (addressing real
property tax appraisals).  Because appellant failed to exhaust her
administrative remedies, the trial court correctly determined that it did not
have subject matter jurisdiction over her lawsuit seeking declaratory and
injunctive relief.  See Appraisal Review Bd. of Harris Cty. Appraisal Dist.
v. O’Connor & Assoc., 267 S.W.3d 413, 419 (Tex. App.—Houston [14th
Dist.] 2008, no pet.) (“[T]he mere claim that an administrative agency acted
ultra vires does not authorize litigation before administrative remedies are
exhausted, nor does failure to perfectly comply with all of the intricacies of
the administrative process necessarily constitute extra-jurisdictional action
by an agency.”)  To hold otherwise would allow every person who receives a
notice of a violation of the Red Light Camera Ordinance to simply do nothing at
the administrative level and then file a declaratory judgment action seeking to
collaterally attack the administrative finding of liability thereby rendering
the entire regulatory scheme established by the Legislature useless.  See Blue
Cross Blue Shield of Tex., Inc., 201 S.W.3d at 676 (“A party cannot
circumvent an agency’s exclusive jurisdiction by filing a declaratory judgment
action if the subject matter of the action is one over which the Legislature
intended the administrative agency to exercise exclusive jurisdiction.”).  We
overrule appellant’s first issue.

II.        Did the trial
court err when it denied appellant’s (1) request for findings of fact and
conclusions of law; and (2) motion to file an amended petition?

            In her second
issue, appellant actually makes two separate allegations of error by the trial
court.  First, appellant asserts the trial court erred when it denied her
request for findings of fact and conclusions of law.  Second, appellant argues
the trial court erred when it denied her motion to amend her pleadings.

            A.        Did
appellant waive that part of her second issue addressing the trial court’s
denial of her request for findings of fact and conclusions of law?

While appellant’s second issue alleges that the trial
court erred when it refused to enter findings of fact and conclusions of law
she does not brief that argument.  An appellant’s brief must contain a clear
and concise argument that includes appropriate citations to the record and
legal authority.  Tex. R. App. P. 38.1(i).  Because appellant has not briefed
this argument, she has waived her argument that the trial court erred when it
denied her request for the entry of findings of fact and conclusions of law.  Id.

B.        Did the trial court err when it denied appellant’s
motion to file an amended petition?

After the trial court granted Tomball’s plea to the
jurisdiction, appellant filed a motion seeking to file an unspecified amended
petition.  The trial court denied that motion.  In her second issue, appellant
challenges that action.

If a plaintiff’s pleadings are insufficient to
establish jurisdiction but do not affirmatively demonstrate an incurable
defect, the plaintiff should be given the opportunity to replead.  Westbrook
v. Penley, 231 S.W.3d 389, 395 (Tex. 2007).  However, a pleader must be
given an opportunity to amend in response to a plea to the jurisdiction only if
it is possible to cure the pleading defect.  Texas A & M Univ. Sys. v.
Koseoglu, 233 S.W.3d 835, 840 (Tex. 2007).  We conclude that an amended
pleading could not have cured the jurisdictional defects in appellant’s claims
for declaratory and injunctive relief.  Therefore, appellant has not shown that
she was harmed by the trial court’s denial of her motion to file an amended
petition.  See Tex. R. App. P. 44.1(a).  We overrule appellant’s second
issue.

Conclusion

            Having overruled
appellant’s issues on appeal, we affirm the trial court’s granting of Tomball’s
plea to the jurisdiction. 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel
consists of Justices Anderson, Frost, and Brown. (Frost, J., concurring and
Dissenting.)

 









[1] Tomball is a home-rule
municipality.  Tomball’s Red Light Camera Ordinance, which was codified as
Tomball Code §§ 78-220 through 78-226, was passed by the Tomball city council
in August 2007.  Chapter 707 of the Texas Transportation Code became effective September
1, 2007.  In its Second Plea to the Jurisdiction, which was ultimately granted
by the trial court and is at issue in this appeal, Tomball admitted that its
ordinance was passed pursuant to Chapter 707 of the Texas Transportation Code.





[2] That third party’s claims
are not at issue in this appeal and we need not discuss them further.





[3] In her Third Amended
Original Petition appellant also sought class certification for similarly
situated individuals and entities pursuant to Rule 42 of the Texas Rules of
Civil Procedure.  The trial court did not rule on this request prior to
granting Tomball’s Second Plea to the Jurisdiction.  Therefore, even though
appellant references her class certification request in her appellate brief, we
conclude this issue is not before this court and need not be addressed.