The **UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER of Dallas, Patricia K. Winchester, Nancy C. Fain, Kern Wildenthal, M.D., In His Official Capacity As President Of The University Of Texas Southwestern Medical Center At Dallas, Appellants,**

v.

**Inessa MARGULIS, Appellee.**

No. 05–98–01698–CV.

Court of Appeals of Texas, Dallas.

March 31, 1999.

James B. Pinson, Office of the City Attorney, Dallas, for Appellants.

Lawrence J. Friedman, Friedman & Feiger, L.L.P., Dallas, for Appellee.

Before OVARD, MORRIS and WRIGHT, JJ.

## MEMORANDUM OPINION

OVARD, J.

In one point of error, the University of Texas Southwestern Medical Center at Dallas, Particia K. Winchester, Nancy C. Fain, and Kern Wildenthal, M.D., appellants, contend the trial court erred in denying their motion for partial summary judgment on the defense of qualified immunity. In particular, they contend appellee, Inessa Margulis, failed to amend her pleadings, after the trial court sustained special exceptions, to allege specific facts to overcome appellants's assertion of qualified immunity. After reviewing appellants' point of error, the briefs and the record, we conclude all dispositive issues are clearly settled in law. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.1. The factual nature of this case, as well as its procedural history, pleadings, and evidence are known to the parties; therefore, we do not recount these matters.

In addition to other state law claims, Margulis sued appellants under 42 U.S.C. § 1983 (1986), claiming appellants violated her civil rights by discriminating against

her because of her race. Appellants filed an answer and specially excepted to her section 1983 cause of action for lack of specificity. After the trial court sustained the special exceptions, Margulis amended her petition. Appellants moved for partial summary judgment on the section 1983 claims, asserting that Margulis did not plead with specificity enough facts to overcome their assertion of qualified immunity. Appellants did not present any summary judgment evidence; instead, they relied on the deficiencies in Margulis's pleadings to support their motion for summary judgment.

In Texas, the denial of a motion for summary judgment is interlocutory in nature and not appealable, unless specifically authorized by statute. *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982); *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex.1993). Appellants bring this appeal under section 51.014(a)(5) of the Texas Civil Practice and Remedies Code, allowing for interlocutory appeals from the denial of a motion for summary judgment based on an assertion of immunity. TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1999)

In an appeal from a summary judgment, issues to be reviewed by the appellate court must have been actually presented to and considered by the trial court. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675–77 (Tex.1979). When a defendant moves for summary judgment and bases his motion on an affirmative defense, such as immunity, he must prove all the elements of such defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). In this case, instead of presenting evidence in support of their affirmative defense of immunity, appellants relied on the lack of specificity in Margulis's pleadings. Margulis asserted that appellants had

violated an established constitutional right, *i.e.*, that she had been discriminated against on the basis of her race. The burden was therefore on the appellants to present evidence to support their affirmative defense of immunity. Because they presented no evidence and based their motion on Margulis's pleadings, the trial court did not have the opportunity to consider the affirmative defense of immunity.

We conclude this is not an appeal from the denial of a motion for summary judgment asserting immunity, and therefore not appealable under § 51.014(a)(5). Without a statute specifically authorizing this interlocutory appeal, we are without jurisdiction. We dismiss this cause for want of jurisdiction.