11 S.W.3d 186 (2000)
THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER OF DALLAS, Patricia Winchester, Nancy C. Fain, and Kern Wildenthal, M.D. in his official capacity as President of the University of Texas Southwestern Medical Center at Dallas, Petitioners,
v.
Inessa MARGULIS, Respondent.
No. 99-0443.
Supreme Court of Texas.
January 6, 2000.
James B. Pinson, Heather Leigh Horton, Gregory S. Coleman, John Cornyn, Toni Hunter, Linda Eads, Andy Taylor, Austin, for petitioners.
Lawrence J. Friedman, David S. Reese, Robert C. Wiegand, John J. Pfister, Austin Hinds England, Dallas, for respondent.
*187 PER CURIAM.
The issue in this case is whether the court of appeals has jurisdiction over an interlocutory appeal of the denial of a motion for summary judgment that asserted qualified immunity as a defense to a claim based on 42 U.S.C. § 1983. The court of appeals held that it did not have jurisdiction because the motion for summary judgment was not supported by any evidence that the state employees were entitled to qualified immunity. The motion for summary judgment argued that as a matter of law the plaintiff failed to plead specific facts that would indicate a violation of clearly established law. We hold that the court of appeals does have jurisdiction over the interlocutory appeal. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court to consider the merits of the appeal.
The petitioners filed an interlocutory appeal in the court of appeals pursuant to section 51.014 of the Texas Civil Practice and Remedies Code. Ordinarily, this Court would not have jurisdiction to review a court of appeals' decision on an interlocutory appeal unless there is a dissent in the court of appeals, conflicts jurisdiction, or a specific statute granting jurisdiction. See TEX. GOV'T CODE § 22.225; Hajek v. Bill Mowbray Motors, Inc., 647 S.W.2d 253, 254 (Tex.1983). However, even when an appeal is interlocutory, we have jurisdiction to determine whether the court of appeals has jurisdiction of the appeal. See Awde v. Dabeit, 938 S.W.2d 31, 32 (Tex.1997); De Los Santos v. Occidental Chem. Corp., 933 S.W.2d 493, 494 (Tex.1996); Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808, 809 (Tex.1992); Long v. Humble Oil & Ref. Co., 380 S.W.2d 554, 555 (Tex.1964). We therefore consider the narrow issue of jurisdiction in this case.
Inessa Margulis, a student at the University of Texas Southwestern Medical Center at Dallas, was charged with scholastic dishonesty and was expelled. She sued the University and three school officials, Patricia Winchester, Nancy Fain, and the president of the University, Kern Wildenthal, M.D., in their official and individual capacities. Margulis claimed that the defendants had violated 42 U.S.C. § 1983 by, among other things, discriminating against her because of her national origin and religious beliefs.
Winchester and Fain asserted qualified immunity as a defense, and all defendants specially excepted to Margulis's pleadings for failure to allege with sufficient specificity facts showing that either Winchester or Fain had violated Margulis's right to due process or equal protection and for failure to allege that no reasonable officer could have understood that the actions that these defendants allegedly took were unlawful. The trial court sustained the special exceptions, and Margulis amended her petition. Winchester and Fain then moved for partial summary judgment on the grounds that Margulis had failed, after special exception and amendment, to allege facts showing (1) that she had a property interest in her pursuit of a degree from the University, (2) what due process procedures had been denied, (3) that Winchester and Fain enforced rules against Margulis while others who committed the same acts were not prosecuted, (4) that these defendants disciplined Margulis because of her religion or national origin, or (5) that no reasonable officer could have believed that the alleged acts were lawful under the law established at the time of the alleged acts. The trial court denied the motion for partial summary judgment. Although only Winchester and Fain had moved for summary judgment, all defendants filed a notice of appeal from that interlocutory ruling, relying on section 51.014 of the Civil Practice and Remedies Code, which provides in part:
§ 51.014. Appeal from Interlocutory Order
(a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
*188 (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state....
TEX. CIV. PRAC & REM.CODE § 51.014(a)(5).
The court of appeals dismissed the appeal for want of jurisdiction, holding that the motion for partial summary judgment was not "based on an assertion of immunity" but was instead based on a defect in the plaintiff's pleadings. ___ S.W.3d ___, 1999 WL 174080. The court concluded that when the defendants moved for summary judgment, they had the "burden ... to present evidence to support their affirmative defense of immunity," and that because the defendants did not do so, the issue of immunity was not "actually presented to and considered by the trial court." Id. at ___, 1999 WL 174080.
We agree with Winchester and Fain that the court of appeals erred when it concluded that it had no jurisdiction to review the denial of the motion for summary judgment. The motion was "based on" immunity within the meaning of the statute that permits interlocutory appeals. The first sentence of the motion stated that Winchester and Fain "hereby move for partial summary judgment on their defense of qualified immunity." The motion then argued extensively that as a matter of law Fain and Winchester were entitled to summary judgment based on qualified immunity. Even if we assume that the motion should not have been granted because it was not supported by evidence, a question that we do not decide on this interlocutory appeal, the motion was "based on an assertion of immunity." The court of appeals has jurisdiction to consider whether the trial court erred in denying that motion.
Accordingly, pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we grant the petition for review and without hearing oral argument reverse the judgment of the court of appeals and remand this case to that court for consideration of the merits of the interlocutory appeal.