**EMPLOYEES RETIREMENT SYSTEM OF TEXAS,**
Appellant,

v.

**Xavier DUENEZ and Irene Duenez, Appellees.**

No. 13–05–729–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 5, 2007.

Jefferson E. Boyt, Austin, for appellant.

Cynthia T. Sheppard, Cuero, David C. Griffin, Houston, Marek & Griffin, Victoria, for appellees.

Before Justices RODRIGUEZ, GARZA, and BENAVIDES.

## OPINION

Opinion by Justice GARZA.

The Employees Retirement System of Texas ("ERS") has filed an interlocutory appeal of the trial court's order denying its motion to dismiss. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2006). We affirm.

### I. Background

Xavier Duenez was an employee of the State of Texas who was insured—through ERS—by Blue Cross Blue Shield of Texas ("BCBS"). In 1997, his daughter Ashley was seriously injured by a drunk driver in an automobile accident. She was left in a semi-vegetative state requiring constant medical care. Xavier Duenez sought benefits from BCBS to cover Ashley's medical expenses. Initially, BCBS certified that Ashley's care was covered, but it later informed Xavier Duenez that it planned to discontinue the coverage.

In response, Xavier and Irene Duenez, individually and as next friends of their daughter Ashley, brought suit in district court, seeking a declaratory judgment that Ashley's care was covered, as well as injunctions compelling BCBS to continue

payment. The trial court issued a temporary injunction requiring BCBS to continue paying benefits, and BCBS appealed the injunction to this Court unsuccessfully. *See Blue Cross Blue Shield v. Duenez*, No. 13–99–793–CV, 2000 Tex.App. LEXIS 6954 at *15 (Corpus Christi, Oct. 12, 2000, no pet.) (not designated for publication).

While the suit for permanent relief was pending, the Duenezes switched insurance carriers due to a change in Xavier's employment. As a result, they non-suited all claims against BCBS, except the claim for attorney's fees. The trial court awarded the Duenezes $32,000 in attorney's fees under section 37.009 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997) (allowing "costs" in action for declaratory judgment).

In an appeal to this Court, BCBS argued that the trial court lacked subject matter jurisdiction to award attorney's fees because the Duenezes failed to exhaust the administrative remedies mandated by the Texas Employees Group Benefits Act (the ERS Act). We disagreed, holding that ERS's exclusive jurisdiction was limited to disputes concerning enrollment or payment and that the Duenezes' suit "relate[d] to the extent of the . . . plan's coverage." *Blue Cross Blue Shield of Tex. v. Duenez*, No. 13–03–481–CV, 2005 Tex.App. LEXIS 4076, 2005 WL 1244609 (Corpus Christi, May 26, 2005) (memorandum opinion), *rev'd and judgment vacated*, 201 S.W.3d 674 (Tex.2006) (per curiam).

BCBS then filed a petition for review with the Texas Supreme Court, arguing that the case should be dismissed for lack of subject matter jurisdiction. Without hearing oral argument, the Texas Supreme Court granted BCBS's petition for review, vacated this Court's judgment, and dismissed the case for want of jurisdiction.

*Blue Cross Blue Shield v. Duenez*, 201 S.W.3d 674 (Tex.2006).

Throughout this period of time—a total of nine years since the accident—the Duenezes were also involved in litigation with the drunk driver and the owner of the convenience store that had sold alcohol to him on the day of the accident, a company known as F.F.P. Operating Partners, L.P. ("FFP"). Five members of the Duenez family had been injured in the accident, including Ashley, and all five sued FFP. Following a jury trial, the Duenezes succeeded in obtaining a judgment against FFP for an amount in excess of $35 million, plus costs and prejudgment interest.

FFP appealed the judgment to this Court and we affirmed it. *F.F.P. Operating Ptnrs., L.P. v. Duenez*, 69 S.W.3d 800 (Tex.App.-Corpus Christi 2002), *rev'd and judgment vacated*, 2006 Tex. LEXIS 1130, 50 Tex. Sup.Ct. J. 102, 2006 WL 3110426 (Tex.2006). FFP then filed a petition for review with the Texas Supreme Court, which was granted. The Texas Supreme Court initially affirmed our judgment, but it later changed its decision on rehearing. *See F.F.P. Operating Ptnrs., L.P. v. Duenez*, 2004 Tex. LEXIS 778, 47 Tex. Sup.Ct. J. 1068, 2004 WL 1966008 (Tex.2004), *opinion withdrawn and substituted*, 2006 Tex. LEXIS 1130, 50 Tex. Sup.Ct. J. 102, 2006 WL 3110426 (Tex.2006).

While FFP motion for rehearing was pending, Xavier, Irene, and Ashley Duenez settled their claims against FFP. Only the claims of the family's other two children, Pablo and Carlos Duenez, remained against FFP. On November 3, 2006, the Texas Supreme Court withdrew its prior opinion and reversed what remained of the judgment against FFP, the claims of Xavier, Irene, and Ashley Duenez having already been settled. *F.F.P. Operating Ptnrs., L.P. v. Duenez*, 50 Tex. Sup.Ct. J.

102, 2006 WL 3110426 (Tex.2006). It then remanded the case for a new trial. *Id.*

The lawsuit giving rise to the current appeal began after Xavier, Irene, and Ashley Duenez settled their claims in the *FFP* lawsuit. BCBS sued Xavier and Irene Duenez in Travis County District Court to recover a portion of the *FFP* settlement proceeds on behalf of ERS and to get an award of attorney's fees for BCBS.[1] On the Duenezes' motion, the case was transferred to the 24th District Court of Calhoun County, which is why this appeal has been filed with the Thirteenth Court of Appeals rather than the Third Court of Appeals.

Although ERS is named as a defendant by BCBS's live petition, ERS is a defendant in name only. ERS is not adverse to BCBS's claims. In fact, BCBS's claims have been pled for the express benefit of ERS, as shown in 1. Not only are the parties not adverse to each other, they also have an ongoing agency relationship controlled by statute. *See* Tex. Ins.Code. Ann. § 1551.056 (Vernon 2006). BCBS is not a governmental unit or a common-law charity. *Abbott v. Blue Cross & Blue Shield of Tex., Inc.*, 113 S.W.3d 753, 769 (Tex.App.-Austin 2003, pet. denied). It is an insurance company that ERS hires to perform independent administrator services. *See* Tex. Ins.Code. Ann. § 1551.056.

BCBS brings its lawsuit in its capacity "as ERS's administrating firm"—as an agent for ERS. In addition, ERS maintains on appeal that BCBS has no right or interest in the settlement proceeds, a contention that BCBS has not contested. *See* Brief of Appellant ERS, p. xi. ("Subrogation proceeds recovered through Blue Cross' administration of HealthSelect are the sole property of the Group Benefits Program, and Blue Cross has no right or interest in such proceeds."). Based on its pleadings, it is unclear why BCBS named ERS as a defendant.[2]

ERS moved to dismiss this lawsuit. The trial court denied its request. In this appeal, ERS argues that it has exclusive jurisdiction over subrogation disputes, including the subrogation claim filed by BCBS on its behalf. BCBS has not filed an appellate brief with this Court. It is worth noting, however, that BCBS's live petition requests from the district court, in the alternative to a money judgment, "[a] declaration that ERS has primary jurisdiction and authority" over the parties' subrogation dispute. It therefore appears that the interests of BCBS and ERS are fully aligned in this litigation, even though BCBS has named ERS as a defendant.

## II. Standard of Review

As an intermediate court of appeals, we have limited jurisdiction to review interloc-

---

**1.** BCBS's live petition (its second amended original petition) requests a judicial declaration from the district court that "ERS/Blue Cross is entitled to recover *its* full subrogation interest from ... [the Duenezes], and that neither the 'Made Whole Doctrine' nor the 'Common Fund Doctrine' nor any other legal or equitable doctrine applies to reduce that subrogation interest." (emphasis added). In addition, BCBS seeks a "[m]onetary judgment in favor of ERS/Blue Cross for the full amount of the ERS subrogation interest." In the alternative, BCBS seeks declaratory relief, including "a declaration that ERS has primary jurisdiction and authority to determine whether the group health care coverages are or are not subject to the 'Made Whole Doctrine,' the 'Common Fund Doctrine,' or any other legal or equitable doctrine...."

**2.** With respect to ERS, BCBS's live petition alleges, "Pursuant to Rule 39(c), and subject to and without waiving Plaintiff's claims regarding ERS' exclusive or primary jurisdiction over this matter, Plaintiff Blue Cross alleges that if this Court has jurisdiction over this case, Defendant ERS is, within the meaning of Rule 39(a), a party whose joinder to this litigation is needed for just adjudication."

utory rulings. Our interlocutory jurisdiction in civil cases is specified in section 51.014 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014. ERS brings this appeal under subsection (a)(8), which allows a governmental unit to appeal the denial of a plea to the jurisdiction. *See id.* § 51.014(a)(8). Because ERS is a governmental unit and because its appeal involves an issue of subject matter jurisdiction, which is a question of law, we review the trial court's ruling de novo. *See Subaru of Am. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 222 (Tex.2002).

### III. Analysis

■ Texas district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases [in which jurisdiction is] conferred ... on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8; *Duenez,* 201 S.W.3d at 675. An administrative agency has exclusive jurisdiction when the Legislature grants it the sole authority to make an initial determination in a dispute. *Duenez,* 201 S.W.3d at 67ʊ. In such matters, a complaining party must exhaust administrative remedies before seeking review in district court. *In re Entergy Corp.,* 142 S.W.3d 316, 321–22 (Tex.2004). Until the party has satisfied the exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss without prejudice those claims within the agency's exclusive jurisdiction. *David McDavid Nissan,* 84 S.W.3d at 221.

■ Whether ERS has exclusive jurisdiction over the parties' subrogation dispute is a matter of "statutory interpretation." *See In re Entergy Corp.,* 142 S.W.3d at 322. An agency has exclusive jurisdiction if a statutory scheme indicates that the Legislature intended for the agen-

cy's regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *Duenez,* 201 S.W.3d at 675–76. In determining legislative intent, we look to the "plain and common" meaning of the "statutory language." *Id.* at 676 (quoting *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex. 2003)).

When state employees are covered by the insurance plan at issue, BCBS serves as their claims administrator for ERS-derived health benefits; thus, disputes arising from the plan are subject to the provisions of the ERS Act. *Duenez,* 201 S.W.3d at 676. The word "subrogation" appears nowhere in the statutes that created ERS and enable its continuing operations, including its ongoing relationship with BCBS. *See* Tex. Gov't Code Ann. §§ 811.001—811.02 (Vernon 2004 & Supp. 2006) (creating "Employees Retirement System of Texas"); Tex. Ins.Code Ann. §§ 1551.001—1551.407 (Vernon 2006) ("Texas Employees Group Benefits Act"). Rather, the Act provides that ERS's executive director "has exclusive authority to determine all questions relating to enrollment in or payment of a claim arising from [ERS] group coverages or benefits." Tex. Ins.Code Ann. § 1551.352. Generally, the executive director's determination may be appealed only to the ERS Board of Trustees. *Id.* § 1551.355. A party aggrieved by the Board's decision may then seek judicial review in a Travis County district court, where the determination is subject to substantial-evidence review. *Id.* § 1551.359. These "are the exclusive remedies available to an employee, participant, annuitant, or dependent." *Id.* § 1551.014.

■ Although the ERS Act specifies the "exclusive remedies available to an employee, participant, annuitant, or dependent," it does not specify any subrogation rights or procedures for ERS. The closest

the Act gets to "subrogation" are the "general powers" given to the ERS board of trustees, which include powers to "establish procedures for the board of trustees to decide contested cases arising from a coverage provided under this chapter." *Id.* § 1551.055(5). However, the Act does not clearly state that ERS has the exclusive authority to decide subrogation disputes.

ERS contends that, under section 1551.052(b), it is authorized to adopt a Plan Document to assist in implementing the Act and its purposes. Brief of Appellant, p. 8 (citing Tex. Ins.Code Ann. § 1551.052(b)). ERS contends that this authority allows it to modify or supplement the statutory benefits program authorized by the Legislature by adding subrogation provisions not otherwise included in the ERS Act. It then takes the argument one step further by asserting exclusive authority to resolve subrogation disputes. We disagree that the Legislature intended such a result.

In other instances in which subrogation disputes arise, the Legislature has enacted specific subrogation statutes that fix the parties' respective rights and obligations. *See, e.g.,* Tex. Lab.Code Ann. § 417.001 (Vernon 2006) (providing for "third party liability" under worker's compensation statute). This has allowed administrative agencies such as the Texas Workers' Compensation Commission to make preliminary determinations, and those decisions have been subject to appeal in state court only after all administrative remedies have been exhausted. *See, e.g., City of Corpus Christi v. Gomez,* 141 S.W.3d 767 (Tex. App.-Corpus Christi 2004, no pet.).[3]

Here, there is no statutory authority to guide ERS's resolution of subrogation disputes. In fact, any right to subrogation that ERS has against the Duenezes is a matter of contract, not a statutory right. That is, the subrogation rights of the parties are stated in the Plan Document (*i.e.,* ERS's HealthSelect of Texas Managed Care Plan), not a statute.[4]

---

**3.** The Texas Workers' Compensation Commission ceased to exist as of August 31, 2005. *See* Act of June 1, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607. The Commission has been replaced by the Texas Department of Insurance—Division of Workers' Compensation. *See id.*

**4.** Article IX of the HealthSelect of Texas Managed Care Plan includes the following provision for subrogation:
T. Subrogation/Right of Recovery
a. This provision applies when another party (person or organization) is or may be considered responsible for payment because of a Participant's injury or sickness for which benefits under the Plan have been provided.
b. To the extent of such services provided, the Plan is subrogated to all rights of recovery the Participant has and the Plan may assert such rights independent of the Participant. Also, if the Participant has obtained or obtains a court judgment, settlement, arbitration, award, or other monetary recovery from another party, because of the injury or sickness, the Plan is entitled to reimbursement from the proceeds of the recovery to the extent of benefits provided. If a recovery is made, the Plan shall have first priority over the Participant or any other party to receive from said recovery reimbursement of the benefits the Plan has provided. This priority shall apply and reimbursement shall be required:
(1) even though the third-party payment does not compensate the Participant for his or her whole loss;
(2) whether or not liability for payment is admitted by the third-party;
(3) whether or not such recovery is itemized or called anything other than a recovery for medical expenses incurred;
(4) from any recovery, including but not limited to, uninsured or underinsured motorist coverage, any no-fault insurance, medical payment coverage (auto, homeowners or otherwise), worker's compensation settlements or awards, other group insurance including student plans and direct recoveries from liable parties.

Given that neither the Legislature nor the courts of this State has interpreted those contractual rights, we conclude that this dispute is not one of the "contested cases" over which the Legislature has given ERS "exclusive authority." *See* Tex. Ins.Code Ann. § 1551.352.

In reaching this holding, we note that the absence of statutory guidance on subrogation disputes in the ERS Act contrasts sharply with the "contested cases" over which the Legislature clearly granted ERS "exclusive authority." For instance, the Act specifically describes how ERS is to determine contested issues of enrollment through eligibility criteria that were determined by the Legislature. *Id.* §§ 1551.101—.159 (eligibility). The Act also specifies ERS's authority to define "basic coverages," "optional coverages," and "voluntary coverages," including specific "limitations" on ERS's authority to define the various coverages. *Id.* §§ 1551.202—.206. Furthermore, the Act specifies limited "sanctions" that ERS may impose against an "employee, participant, annuitant, or dependent" in various situations. *Id.* § 1551.351.

In all of this detail, there is absolutely no statutory guidance on how ERS is to resolve subrogation disputes. We believe the absence of a statutory scheme is consistent with the Legislature not conferring exclusive authority to ERS to resolve subrogation disputes. *See In re Entergy Corp.*, 142 S.W.3d at 322 (explaining that "administrative agencies ... may exercise only those powers the law confers upon them in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency").

Moreover, we disagree with ERS's contention that the district court lacks subject matter jurisdiction because the Duenezes failed to exhaust their administrative remedies prior to filing suit. Brief of Appellant, p. 16. The suit was filed by BCBS, not the Duenezes. It should also not be overlooked that BCBS initiated the suit in its capacity as ERS's agent.

We are especially concerned that, even in making this interlocutory appeal to challenge jurisdiction, ERS has sought to invoke the jurisdiction of the judicial system to declare something that the Legislature has not declared—that ERS has exclusive authority to resolve subrogation disputes. We believe that if the Legislature had actually intended this result, ERS's authority would be clearly stated in the statute. Instead, to the extent that ERS has exercised authority to resolve subrogation disputes pursuant to its Plan, it has done so without clear authority from the Texas Legislature and without any recognition or approval from the Texas Supreme Court.

The trial court's order denying ERS's motion to dismiss is therefore AFFIRMED.