Opinion issued April 22, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01057-CV

———————————

Tommy Thomas, Appellant

V.

Marcus McGuirt, Appellee



 



 

On Appeal from the 152nd District Court

Harris County, Texas



Trial Court Case No. 2007-16132

 



 

MEMORANDUM OPINION

          This
is a statutory interlocutory appeal from the district court’s denial of a
motion for summary judgment that is based on an assertion of qualified immunity
by former Harris County Sheriff Tommy Thomas. 
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(5) (Vernon 2008); Univ. of Tex. Sw. Med. Ctr. v. Margulis,
11 S.W.3d 186, 188 (Tex. 2000).

In his live petition
at the time of the summary‑judgment hearing, entitled the “Eighth Amended
Complaint,” appellee Marcus McGuirt sued appellant Tommy Thomas in his
individual capacity and Harris County for (1) violations of his Fourteenth
Amendment substantive‑due‑process rights, using provisions of the
Civil Rights Act, 42 U.S.C. § 1983 (2006), (2) negligence, and (3) gross
negligence.  In his answer, Thomas raised
the affirmative defense of qualified immunity. 
Harris County and Thomas filed a motion for summary judgment directed at
McGuirt’s “Seventh Amended Complaint.”  The
district court denied the motion for summary judgment, and Thomas filed a
notice of appeal.

          On April 8, 2010, McGuirt
filed in the district court a “non‑suit without prejudice” as to Thomas,
expressly invoking the authority of Tex.
R. Civ. P. 162 and expressly stating an intention of “dismissing without
prejudice Defendant Tommy Thomas.”  We
interpret this as McGuirt dismissing Thomas, as authorized by Tex. R. Civ. P. 163.  See
C/S Solutions, Inc. v. Energy Maint.
Servs. Group, LLC, 274 S.W.3d 299, 304–07 & n.7 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (discussing non‑suits and dismissals as to parties
served).  Compare Tex. R. Civ. P.
162 (non‑suits) with id. 163 (dismissals).

          Thomas has
filed an unopposed motion to dismiss the appeal because of mootness.  Because Thomas is represented by the Harris
County Attorney, the motion to dismiss the appeal was filed by the Harris
County Attorney, and the only other defendant in the “Eighth Amended Complaint” is Harris County, we
conclude that no party would be prejudiced by the dismissal of Thomas, and the
dismissal is effective under Rule 163.

          We grant the motion and dismiss the
appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  The Clerk of
the Court is instructed to issue the mandate immediately.  See
id. 18.6.

 

PER CURIAM

 

Panel consists of Justices Keyes, Sharp, and
Massengale.