Nina SELLS, County Clerk, Caldwell County, Texas, Appellant,

v.

Ann ROOSE, et al., Appellees.

No. 3–88–107–CV.

Court of Appeals of Texas, Austin.

March 29, 1989.

Rehearing Denied May 10, 1989.

Jeffrey L. Van Horn, Criminal Dist. Atty., Lockhart, for appellant.

Kent Black, Lockhart, for appellees.

Before POWERS, GAMMAGE and JONES, JJ.

POWERS, Justice.

In a suit by Ann Roose and four other plaintiffs,[1] the district court ordered the issuance of a writ of mandamus commanding the County Clerk, Nina Sells, "to issue a wet status certification to all property in Caldwell County," excepting only property affected by "an enforceable [sic] deed restriction as to the sale of alcohol." Sells appeals. We will reverse the judgment of the district court, and remand the cause with instructions that it be dismissed.

## THE CONTROVERSY

Roose and the other plaintiffs prayed for the writ of mandamus on the following grounds: Roose applied for a beer retailer's permit. The provisions of Tex.Alco. Bev.Code Ann. § 11.37 (1978) imposed upon Sells, as County Clerk, a duty to certify that Roose's premises were in a "wet" area. Sells refused to make that certification in connection with Roose's application. The County Judge denied Roose's application for want of the "wet" certificate. Sells's refusal was erroneous because the entirety of Caldwell County was "wet" by reason of a county-wide election, held in 1933, when the electorate voted to allow the sale of "beer" in Caldwell County. Having no other remedy to compel Sells to perform her statutory duty, the plaintiffs prayed for issuance of a writ of mandamus ordering Sells to make the requisite "wet" certification. To these allegations, Sells interposed only a general denial.

After a hearing, the district court ordered Sells "to issue a wet status certification to all property in Caldwell County," excepting only property affected by "an enforceable [sic] deed restriction as to the sale of alcohol." Presumably Roose intends to apply again for a beer retailer's permit after obtaining the "wet" certification.

In Sells's appeal to this Court, the parties dispute only the legal effect of the 1933 election in light of the relevant statutes and constitutional provisions. While both agree that Caldwell County is "wet" as to "beer," they take opposing positions on whether "beer" means "beer" as presently defined in § 1.04(15) of the Alcoholic Beverage Code, or "beer" as it was defined in an earlier statute. The present statute permits "beer" having up to 4% alcohol by weight; the earlier statute limited the alcohol to 3.2% by weight.

We may not decide the interesting questions raised in the parties' briefs, however, for it is plain from the pleadings and the balance of the appellate record that the district court lacked subject-matter jurisdiction of the plaintiffs' purported cause of action.

## DISCUSSION AND HOLDINGS

The plaintiffs sued on a theory that they were entitled to the writ of mandamus to compel Sells to perform her duty under § 11.37 of the Texas Alcoholic Beverage Code. Section 11.37 is merely one part of a comprehensive system established in the Code for the control of alcoholic beverages in the State; and the sale, distribution, and possession of such beverages is governed

---

1. The other plaintiffs, appellees here, were Louis Young, Edna Rayford, Charlie Jernon, and Jacqueline Freeman.

*exclusively* by the Code, unless provided otherwise in the Code itself. Tex.Alco.Bev. Code Ann., *supra,* § 1.06.

Sells's duty under § 11.37, to give a certificate as to the "wet" or "dry" status of an address or location, arises only in connection with an application for a license or permit authorized by the Code. The decision to issue a license or permit is committed by the Code to the County Judge, to be determined by him under §§ 61.31 and 61.-32. In making that decision, the County Judge acts in an administrative, and not in a judicial, capacity. Should the County Judge deny the application, the dissatisfied applicant (Roose in the present case) has a statutory right under §§ 11.67 and 61.34 to "appeal" that decision to district court in a suit against the Texas Alcoholic Beverage Commission. The "appeal" is governed by the Texas Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Supp.1989). *See Lindsay v. Sterling,* 690 S.W.2d 560 (Tex. 1985) (because the "appeal" is governed by APTRA, the district court acquires no jurisdiction absent a motion for rehearing directed at the County Judge's decision, as required by APTRA § 16). Among other things, the dissatisfied party may show, in the "appeal," the true facts as to whether the location or address lies in a "wet" or "dry" area. *Murphree v. Burroughs,* 226 S.W.2d 509, 510 (Tex.Civ.App.1950, writ ref'd). Nothing in the Code purports to make the certificate of the County Clerk conclusive as to such status. From the decision of the district court, the Commission or the dissatisfied party may appeal to the Court of Appeals, and obtain further appellate review in the Supreme Court of Texas. APTRA § 20.

■ Roose and the other plaintiffs manifestly do not pursue in the present case the course prescribed by the Texas Alcoholic Beverage Code for obtaining judicial review of the County Judge's decision denying Roose's application for a beer retailer's permit. They sued instead to compel Sells to issue a "wet" certificate *outside* the context of any application for an alcoholic-beverage permit or license, on a theory

that § 11.37 imposed that duty upon Sells as County Clerk. But under the express terms of § 11.37, the duty to issue such a certificate arises *only* in the context of an application for an alcoholic-beverage permit or license; outside that context the duty does not exist so as to be enforceable by a writ of mandamus. Consequently, the plaintiffs are not entitled to the writ for which they prayed. But a holding to that effect is precluded in the present case because the court below, and this Court, lack the jurisdiction necessary to make such a holding.

■ There exists *no* power in a district court to review an administrative decision *unless:* (1) the decision violates a constitutional right or affects adversely a vested property right, when the controversy falls within the constitutional jurisdiction given the district court in Tex. Const.Ann. art. V, § 8 (Supp.1989); or (2) a proper statute vests in the district court a special jurisdiction to review the administrative decision, as §§ 11.67 and 61.34 do in this instance. *Stone v. Texas Liquor Control Board,* 417 S.W.2d 385, 386 (Tex.1967); *City of Amarillo v. Hancock,* 239 S.W.2d 788, 790–91 (Tex.1951). The plaintiffs in the present case do not contend that Sells violated a constitutional right or that some action by her affected adversely a vested property right, precluding any theory that the case fell within the constitutional jurisdiction of the district court. The plaintiffs manifestly have not invoked in the present case the right of judicial review given in §§ 11.67 and 61.34 of the Code, with the issues to be determined by the district court in accordance with the jurisdiction and procedures established therein by the Legislature. There can be no other basis for the exercise of jurisdiction by the district court in this case. We hold, in consequence, that the district court lacked subject-matter jurisdiction to decide the controversy alleged by the plaintiffs.

Because the district court lacked jurisdiction of the cause, we have none beyond our power to reverse the judgment below and to order that the cause be dismissed. *Fruit Dispatch Co. v. Rainey,* 111 Tex.

266, 232 S.W. 281 (1921). We therefore reverse the judgment below, and remand the cause to that court with instructions that it be dismissed for want of jurisdiction.