Affirmed and Majority and Dissenting Opinions filed December 18, 2007








Affirmed and Majority and Dissenting Opinions filed
December 18, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00472-CV

_______________

 

SUPERMERCADO TELOLOAPAN, INC.

D/B/A TELOLOAPAN MEAT MARKET, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

                                                                                                                                               


On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 05-60093

                                                                                                                                               


 

M A J O R I T Y   O P I N I O N

In this declaratory judgment action,
appellant, Supermercado Teloloapan, Inc. d/b/a Teloloapan Meat Market (ASupermercado@), appeals a take-nothing judgment in
favor of appellee, the City of Houston (Athe City@).  In Supermercado=s sole issue, it argues that the
trial court erred in finding that the City=s definition of the term Aproperty line@ is reasonable and consistent with
the plain meaning of section 3-2(a) of Houston=s Code of Ordinances. We affirm.

BACKGROUND








Supermercado operates a grocery store
in Houston.  In 2005, Supermercado applied for an off-premises liquor license
with the Texas Alcoholic Beverage Commission (the ACommission@), which would enable Supermercado to
sell beer and wine for off-premises consumption.  To satisfy a condition for
the permit, Supermercado requested the City to certify that the location of its
store was in a Awet area@ and that the sale of alcoholic beverages at the store was
not prohibited by city ordinance.  See Tex. Alco. Bev. Code Ann. ' 61.37 (Vernon 2007).  However, the
City refused to certify the store as a Awet area@ pursuant to section 3-2 of Houston=s Code of Ordinances (Athe Ordinance@), which prohibits the sale of
alcoholic beverages within 300 feet of a public or private school.  

The store=s property line abuts the property
line of an adjacent apartment complex, which leases a portion of its property
to a charter school.  The charter school leases a total of four buildings (the Aleased buildings@) for school use from the apartment
complex.  However, the actual leased buildings are more than 300 feet away from
the store=s property line.[1]  The City
refused to certify Supermercado because the distance between the store=s property line and the apartment
complex=s property line is less than 300
feet.

Thereafter, Supermercado sought a
declaratory judgment and requested that the trial court declare the Ordinance
and section 61.37 of the Texas Alcohol and Beverages Code (the ACode@) require that the distance be
measured from the leased buildings, and that the term Aproperty line@ refers to the leased buildings
controlled by the charter school rather than the property line of the entire
tract of land upon which the leased buildings are located.  The City
interpreted Aproperty line@ to mean the boundary of the entire tract of land on which
the leased buildings are located.  After a bench trial, the trial court denied
the relief sought by Supermercado and found that the City=s interpretation of Aproperty line@ was reasonable.  

DECLARATORY JUDGMENT

In its sole issue, Supermercado
contends that the trial court erred in finding that the City=s definition of the term Aproperty line@ is reasonable and consistent with
the plain meaning of the statute.  








Section 3-2 of Houston=s Code of Ordinances provides in
pertinent part:

(a) It shall be unlawful for any dealer to sell
alcoholic beverages within the corporate limits of the city where the place of
business of such dealer is within 300 feet of any church, public elementary,
junior high or high school, or public hospital or within 300 feet of a Aprivate school@ as
that term is defined in Section 109.33 of the Texas Alcoholic Beverage Code.  It
shall be unlawful for any dealer to sell alcoholic beverages in any area
designated by the city council, as provided in subsection (e) below, as an Aalcohol-free school zone.@  The measurement of the distance between the place of
business where alcoholic beverages are sold and the church, public hospital,
public school, or private school shall be made as provided in Section 109.33 of
the Texas Alcoholic Beverage Code.  This section shall be administered in a
manner that is consistent with Section 109.33 of the Texas Alcoholic Beverage
Code and shall not apply to any alcoholic beverage license or permit to which
that section is inapplicable.

 

Section 109.33 of the Texas Alcoholic
Beverage Code provides in pertinent part:

(a)       The commissioners court of a county may
enact regulations applicable in areas in the county outside an incorporated
city or town, and the governing board of an incorporated city or town may enact
regulations applicable in the city or town, prohibiting the sale of alcoholic
beverages by a dealer whose place of business is within:

 

(1)       300 feet of a church, public or private
school, or public hospital[.]

 

(b)       . . . The measurement of the distance
between the place of business where alcoholic beverages are sold and the public
or private school shall be:

 

(1)       in a direct line from the property line of
the public or private school to the property line of the place of business, and
in a direct line across intersections[.]








Supermercado=s issue turns on the City=s construction of the Ordinance and
its definition of Aproperty line.@[2]  In construing a statute, our
objective is to determine and give effect to the intent of the governing body. 
State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).  If a statute is
clear and unambiguous, we must apply its words according to their common
meaning.  Id.  If the language at issue is ambiguous, we give deference
to the governing body=s interpretation of the language.  Fiess v. State Farm
Lloyds, 202 S.W.3d 744, 747 (Tex. 2006).  We give serious consideration to
a governing body=s construction of a statute that it is charged with
enforcing, as long as the interpretation is reasonable and does not contradict
the plain language of the statute.  Miami Ind. Sch. Dist. v. Moses, 989
S.W.2d 871, 875 (Tex. App.CAustin 1999, pet. denied). 

At trial, Rhonda Rhea, the division
manager for the commercial permitting and enforcement section of the City of
Houston, testified that the City defines Aproperty line@ as the boundary of the tract of land
on which the property is located.  Rhea testified that to find








the appropriate boundary line, the
City sends an investigator to look at the property.  If the property line is
readily discernible, the investigator measures the distance.  If the property
line is not readily discernible, the investigator locates the tract of land in
the records of the Harris County Appraisal District.  In this case, the City
resorted to the Appraisal District=s records and discovered that the
property line of the apartment complex and the property line of the store
touched one another.  

Dale Evans, regional supervisor of
compliance for the Commission, testified that although the Commission does not
measure distances under section 109.33, it does measure distances for purposes
of issuing a conduct surety bond.  When measuring distances for such a bond,
the Commission uses the definition of premises as a guide.  If a business
leases from a shopping center owner, the Commission measures the distance from
the leased space or an area controlled by the business.  Evans testified that
if he were measuring the distance from Supermercado to the school for purposes
of a cost surety bond, he would measure from the area controlled by
Supermercado to the area controlled by the school.

The Code mandates that the
measurement be made from Athe property line of the public or private school to the Aproperty line@ of the place of business[.]@ The issue in this case is how the
City defines the Aproperty line@ of the school.  Neither the Ordinance, nor the Code defines Aproperty line.@  Further, the Ordinance does not
address an instance in which the school or the business leases property, but
does not occupy the entire tract of land on which it sits.  

In interpreting the Ordinance, the
City determined that Aproperty line@ refers to the boundary of the tract of land on which the
property is located.  We find that its interpretation of the term Aproperty line@ is reasonable and does not
contradict the plain language of the statute.  Therefore, as the standard of
review requires, we affirm the trial court=s judgment.

 

 

/s/        Adele Hedges

Chief Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed December 18, 2007.

Panel consists of Chief Justice
Hedges, Justice Fowler, and Senior Justice Edelman.*(Edelman, J. dissenting).

Publish C Tex. R. App. P. 47.2(b).       

 

*   Senior Justice Richard H. Edelman sitting by
assignment.









[1]           In addition, between the property line of
the store and the property line of the leased buildings are several other
apartment buildings, a driveway, and a tennis court.





[2]           The dissent believes this Court does not
have jurisdiction to address the merits of the declaratory judgment because the
Commission has exclusive jurisdiction.  The dissent finds that the issuance of
the certification by the City in this case is but Aone step@ in
the process of seeking a permit from the Commission.  Relying on Sells v.
Roose, 769 S.W.2d 641, 643 (Tex. App.CAustin
1989, no writ), the dissent concludes that Supermercado=s remedy lies with the administrative agency.  In Sells,
Roose and other business owners applied for a beer retailer=s permit with the Commission.  The county clerk
refused to certify that Roose=s premises were
in a Awet@ area.  The
business owners filed a petition for writ of mandamus seeking to compel Sells to
perform her statutory duty and issue the certificate.  The court of appeals
found that Sells=s duty to issue a certificate as to the Awet@ or Adry@ status of a
location arises only in connection with an application for a permit authorized
by the Code.  Id. at 643.  In that regard, the court recognized
exclusive jurisdiction in the administrative agency, with the result that the
district court lacked subject-matter jurisdiction.  Id.  In this case, however,
Supermercado filed a declaratory judgment action seeking clarification of a
Houston City ordinance.  Unlike the business owners in Sells,
Supermercado did not seek to compel the City to issue a certification of Awet@ status. 
Supermercado sought a declaratory judgment to interpret the Ordinance, which is
specifically permitted by the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.' 37.004(a) (Vernon 1997).  Supermercado is
not required to exhaust administrative remedies with the Commission to obtain
an interpretation of the Ordinance.  See Burgess, 101 S.W.3d at 554. 
Therefore, Supermercado=s cause of action and remedy for enforcement is not
derived from the Code.