**SUPERMERCADO TELOLOAPAN, INC. d/b/a Teloloapan Meat Market, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

No. 14–06–00472–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 18, 2007.

Rehearing Overruled Jan. 17, 2008.

Albert Thomas Van Huff, Houston, for appellant.

Bertrand L. Pourteau, II, Erica Chapman Schwam, Houston, for appellee.

Panel consists of Chief Justice HEDGES, Justice FOWLER, and Senior Justice EDELMAN.*

### MAJORITY OPINION

ADELE HEDGES, Chief Justice.

In this declaratory judgment action, appellant, Supermercado Teloloapan, Inc. d/b/a Teloloapan Meat Market ("Supermercado"), appeals a take-nothing judgment in favor of appellee, the City of Houston ("the City"). In Supermercado's sole issue, it argues that the trial court erred in finding that the City's definition of the term "property line" is reasonable and consistent with the plain meaning of section 3–2(a) of Houston's Code of Ordinances. We affirm.

---

* Senior Justice Richard H. Edelman sitting by assignment.

## BACKGROUND

Supermercado operates a grocery store in Houston. In 2005, Supermercado applied for an off-premises liquor license with the Texas Alcoholic Beverage Commission (the "Commission"), which would enable Supermercado to sell beer and wine for off-premises consumption. To satisfy a condition for the permit, Supermercado requested the City to certify that the location of its store was in a "wet area" and that the sale of alcoholic beverages at the store was not prohibited by city ordinance. *See* Tex. Alco. Bev.Code Ann. § 61.37 (Vernon 2007). However, the City refused to certify the store as a "wet area" pursuant to section 3–2 of Houston's Code of Ordinances ("the Ordinance"), which prohibits the sale of alcoholic beverages within 300 feet of a public or private school.

The store's property line abuts the property line of an adjacent apartment complex, which leases a portion of its property to a charter school. The charter school leases a total of four buildings (the "leased buildings") for school use from the apartment complex. However, the actual leased buildings are more than 300 feet away from the store's property line.[1] The City refused to certify Supermercado because the distance between the store's property line and the apartment complex's property line is less than 300 feet.

Thereafter, Supermercado sought a declaratory judgment and requested that the trial court declare the Ordinance and section 61.37 of the Texas Alcohol and Beverages Code (the "Code") require that the distance be measured from the leased buildings, and that the term "property line" refers to the leased buildings controlled by the charter school rather than the property line of the entire tract of land upon which the leased buildings are locat-ed. The City interpreted "property line" to mean the boundary of the entire tract of land on which the leased buildings are located. After a bench trial, the trial court denied the relief sought by Supermercado and found that the City's interpretation of "property line" was reasonable.

## DECLARATORY JUDGMENT

■ In its sole issue, Supermercado contends that the trial court erred in finding that the City's definition of the term "property line" is reasonable and consistent with the plain meaning of the statute.

Section 3–2 of Houston's Code of Ordinances provides in pertinent part:

(a) It shall be unlawful for any dealer to sell alcoholic beverages within the corporate limits of the city where the place of business of such dealer is within 300 feet of any church, public elementary, junior high or high school, or public hospital or within 300 feet of a "private school" as that term is defined in Section 109.33 of the Texas Alcoholic Beverage Code. It shall be unlawful for any dealer to sell alcoholic beverages in any area designated by the city council, as provided in subsection (e) below, as an "alcohol-free school zone." The measurement of the distance between the place of business where alcoholic beverages are sold and the church, public hospital, public school, or private school shall be made as provided in Section 109.33 of the Texas Alcoholic Beverage Code. This section shall be administered in a manner that is consistent with Section 109.33 of the Texas Alcoholic Beverage Code and shall not apply to any alcoholic beverage license or permit to which that section is inapplicable.

---

1.   In addition, between the property line of the store and the property line of the leased build-ings are several other apartment buildings, a driveway, and a tennis court.

Section 109.33 of the Texas Alcoholic Beverage Code provides in pertinent part:

(a) The commissioners court of a county may enact regulations applicable in areas in the county outside an incorporated city or town, and the governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within:

(1) 300 feet of a church, public or private school, or public hospital[.]

(b) ... The measurement of the distance between the place of business where alcoholic beverages are sold and the public or private school shall be:

(1) in a direct line from the property line of the public or private school to the property line of the place of business, and in a direct line across intersections[.]

█ Supermercado's issue turns on the City's construction of the Ordinance and its definition of "property line."[2] In construing a statute, our objective is to determine and give effect to the intent of the governing body. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). If a statute is clear and unambiguous, we must apply its words according to their common meaning. *Id.* If the language at issue is ambiguous, we give deference to the governing body's interpretation of the language. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex.2006). We give serious consideration to a governing body's construction of a statute that it is charged with enforcing, as long as the interpretation is reasonable and does not contradict the plain language of the statute. *Miami Ind. Sch. Dist. v. Moses*, 989 S.W.2d 871, 875 (Tex.App.-Austin 1999, pet. denied).

At trial, Rhonda Rhea, the division manager for the commercial permitting and enforcement section of the City of Houston, testified that the City defines "property line" as the boundary of the tract of land on which the property is located. Rhea testified that to find the appropriate boundary line, the City sends an investigator to look at the property. If the property line is readily discernible, the investiga-

---

**2.** The dissent believes this Court does not have jurisdiction to address the merits of the declaratory judgment because the Commission has exclusive jurisdiction. The dissent finds that the issuance of the certification by the City in this case is but "one step" in the process of seeking a permit from the Commission. Relying on *Sells v. Roose*, 769 S.W.2d 641, 643 (Tex.App.-Austin 1989, no writ), the dissent concludes that Supermercado's remedy lies with the administrative agency. In *Sells*, Roose and other business owners applied for a beer retailer's permit with the Commission. The county clerk refused to certify that Roose's premises were in a "wet" area. The business owners filed a petition for writ of mandamus seeking to compel Sells to perform her statutory duty and issue the certificate. The court of appeals found that Sells's duty to issue a certificate as to the "wet" or "dry" status of a location arises only in connection with an application for a permit authorized by the Code. *Id.* at 643. In that regard, the court recognized exclusive jurisdiction in the administrative agency, with the result that the district court lacked subject-matter jurisdiction. *Id.* In this case, however, Supermercado filed a declaratory judgment action seeking clarification of a Houston City ordinance. Unlike the business owners in *Sells*, Supermercado did not seek to compel the City to issue a certification of "wet" status. Supermercado sought a declaratory judgment to interpret the Ordinance, which is specifically permitted by the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon 1997). Supermercado is not required to exhaust administrative remedies with the Commission to obtain an interpretation of the Ordinance. *See Burgess*, 101 S.W.3d at 554. Therefore, Supermercado's cause of action and remedy for enforcement is not derived from the Code.

tor measures the distance. If the property line is not readily discernible, the investigator locates the tract of land in the records of the Harris County Appraisal District. In this case, the City resorted to the Appraisal District's records and discovered that the property line of the apartment complex and the property line of the store touched one another.

Dale Evans, regional supervisor of compliance for the Commission, testified that although the Commission does not measure distances under section 109.33, it does measure distances for purposes of issuing a conduct surety bond. When measuring distances for such a bond, the Commission uses the definition of premises as a guide. If a business leases from a shopping center owner, the Commission measures the distance from the leased space or an area controlled by the business. Evans testified that if he were measuring the distance from Supermercado to the school for purposes of a cost surety bond, he would measure from the area controlled by Supermercado to the area controlled by the school.

The Code mandates that the measurement be made from "the property line of the public or private school to the "property line" of the place of business[.]" The issue in this case is how the City defines the "property line" of the school. Neither the Ordinance, nor the Code defines "property line." Further, the Ordinance does not address an instance in which the school or the business leases property, but does not occupy the entire tract of land on which it sits.

In interpreting the Ordinance, the City determined that "property line" refers to the boundary of the tract of land on which the property is located. We find that its interpretation of the term "property line" is reasonable and does not contradict the plain language of the statute. Therefore,

as the standard of review requires, we affirm the trial court's judgment.

EDELMAN, J. dissenting.

RICHARD H. EDELMAN, Senior Justice, dissenting (Assigned).

In 2005, Supermercado, a grocery store operator, applied to the Texas Alcoholic Beverage Commission (the "Commission") for an off-premise beer and wine permit. To satisfy a condition for obtaining the permit, Supermercado requested the City to certify that the location of its store was in a "wet area" and that the sale of beverages there was not prohibited by ordinance. *See* Tex. Alco. Bev.Code Ann. § 61.37 (Vernon 2007). However, the City refused to certify the latter because it concluded that a charter school was located less than the required 300 feet from the store.

Supermercado thereafter sought a declaratory judgment in the trial court that the applicable ordinance and provision of the Texas Alcoholic Beverage Code (the "Code") require that the distance be measured in a different manner than the City measured it. After a bench trial, the trial court denied the relief sought by Supermercado and issued findings of fact and conclusions of law.

Subject matter jurisdiction exists only by operation of law and cannot be conferred by consent or waiver. *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004). Therefore, a court is obliged to ascertain that subject matter jurisdiction exists regardless whether the parties have raised it. *Id.*

Texas district courts generally have jurisdiction over all actions except those for which jurisdiction has been conferred on some other court, tribunal, or administrative body. Tex. Const. art. V, § 8. Therefore, where an administrative agency has exclusive jurisdiction over a determination,

a complaining party must exhaust administrative remedies before seeking review in a district court; and a district court lacks subject matter jurisdiction, and must dismiss any such claims until the party has satisfied this requirement. *In re Sw. Bell Tel. Co.,* —— S.W.3d ——, —— (Tex. 2007).[1]

A party cannot circumvent an agency's exclusive jurisdiction by filing a declaratory judgment action if the subject matter of the action is one over which the Legislature intended the administrative agency to exercise exclusive jurisdiction. *Blue Cross Blue Shield of Tex. v. Duenez,* 201 S.W.3d 674, 675 (Tex.2006).[2] An administrative agency has exclusive jurisdiction when the Legislature grants it the sole authority to make an initial determination in a matter and a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *Id.* at 675–76. However, it is not essential that the statute contain an express grant of exclusive jurisdiction to the agency.[3]

Unless otherwise specifically provided in the Code, the sale, distribution, transportation, and possession of alcoholic beverages is "governed exclusively" by the Code. Tex. Alco. Bev.Code Ann. § 1.06 (Vernon 2007). No person may sell, possess for the purpose of sale, distribute, or store liquor, unless he has obtained a permit for this privilege. *Id.* §§ 26.03(a); 61.01 (Vernon 2007). Under the Code, the

Commission is the only body that is authorized to issue alcoholic beverage permits (although a county judge is also authorized to deny them).[4] *See id.* §§ 26.03(a), 61.33(a) (Vernon 2007). The Code contains extensive procedures for permit applications, hearings, determinations, and appeals of determinations, including to the district courts. *See id.* §§ 11.01–75.05 (Vernon 2007). The plain language of these provisions clearly indicates that this pervasive regulatory scheme is intended to be the exclusive means of seeking and litigating alcoholic beverage permits.

Because the certification sought from the City by Supermercado was one step in this permit application process, related directly to that process, and arises only in connection with such an application, this declaratory judgment action involves the same subject matter as that over which the Commission has exclusive jurisdiction. *See Duenez,* 201 S.W.3d at 676; *Sells v. Roose,* 769 S.W.2d 641, 643 (Tex.App.-Austin 1989, no writ). Therefore, because Supermercado had not exhausted its administrative remedies, the district court lacked subject matter jurisdiction over the declaratory judgment action,[5] and we should reverse the judgment of the trial court and order the case dismissed for lack of subject matter jurisdiction.

---

1. Though not applicable in this case, exceptions to the exhaustion rule include instances in which an official has acted without legal or statutory authority, the administrative agency lacks jurisdiction, or an administrative order violates a constitutional right or adversely affects a vested property right. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992); *Stone v. Tex. Li-*

*quor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967).

2. *See Thomas v. Long,* 207 S.W.3d 334, 342 (Tex.2006).

3. *See Thomas,* 207 S.W.3d at 340.

4. *See id.* §§ 61.31, 61.32, 61.34(a), 61.43(a) (Vernon 2007).

5. *See Duenez,* 201 S.W.3d at 676.