Affirmed and Majority and Concurring and Dissenting Opinions filed May
3, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00284-CV

___________________

 

Lady Edwards, Appellant

 

V.

 

City of Tomball, Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2009-18524

 



 

 

CONCURRING AND DISSENTING OPINION

          The trial court did not
err in granting the plea to the jurisdiction as to the claims discussed in the
majority opinion.  But the majority does not address one of the appellant’s
claims, and the trial court erred in dismissing that claim for lack of
subject-matter jurisdiction.  

The
appellant seeks a declaratory judgment that the Ordinance is unenforceable.

            Appellant
Lady Edwards asserted a number of claims against appellee, The City of Tomball
(hereinafter, the “City”) regarding City of Tomball Ordinance No. 2007-08 (hereinafter,
the “Ordinance”) and Chapter 707 of the Texas Transportation Code (hereinafter,
the “Enabling Statute”).  In her petition, Edwards invokes section 37.004 of
the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2008)
(stating that “[a] person . . . whose rights, status, or other legal relations
are affected by a statute [or] municipal ordinance . . . may have determined
any question of construction or validity arising under the . . . statute [or] ordinance
. . . and obtain a declaration of rights, status, or other legal relations
thereunder”).  In one of her claims for declaratory relief, Edwards seeks “a
declaration that the Ordinance is unenforceable because it does not conform to
the limitations imposed by the Enabling Statute.”  In her petition, Edwards
cites a case in which the Supreme Court of Texas held that a municipal
ordinance was invalid because it did not comply with a Texas statute.  See
Bolton v. Sparks, 362 S.W.2d 946, 950 (Tex. 1962).  Edwards asserts that
the Ordinance is invalid and unenforceable because, among other things, it
“purports to allow the imposition of a civil penalty without the performance of
conditions precedent created by the Enabling Statute.”  In her petition,
Edwards states that “[t]his lawsuit concerns the fact that the Ordinance is not
consistent with, and exceeds the authority granted by, the Enabling Statute and
hence is unenforceable.”  The merits of this request for declaratory relief (hereinafter,
“Invalidity Claim”) are not before this court; instead, this court must decide
whether the trial court correctly determined that it does not have subject-matter
jurisdiction over the Invalidity Claim.  

Governmental
immunity has been waived as to the Invalidity Claim.

The City asserts that the trial court lacks subject-matter jurisdiction
over the Invalidity Claim because the City is immune from suit under the
doctrine of governmental immunity.  This argument lacks merit.  If a party sues
a municipality and seeks a declaration that a municipal ordinance is invalid,
based upon either constitutional or nonconstitutional grounds, the legislature
has waived the municipality’s governmental immunity.  See Tex. Civ.
Prac. & Rem. Code Ann. § 37.006(b) (West 2008); City of El Paso
v. Heinrich, 284 S.W.3d 366, 373 n.6 (Tex. 2009); City of Elsa v. M.A.L.,
226 S.W.3d 390, 391–92 (Tex. 2007); Gatesco Q.M., Ltd v. City of Houston,
333 S.W.3d 338, 347–48 (Tex. App.—Houston [14th Dist.] 2010, no pet.); Lakey
v. Taylor ex rel. Shearer, 278 S.W.3d 6, 15 (Tex. App.—Austin 2008, no
pet.).  

The appellant
did not need to exhaust administrative remedies.

            Under
the Ordinance, vehicle owners can challenge whether they are liable for the
civil penalty by pursuing an administrative hearing before a hearing officer. 
If the hearing officer determines that the owner is liable for the civil
penalty, the Ordinance provides that the owner has a right to appeal to the
Tomball municipal court for a trial de novo of this determination.  Under the
plain meaning of the Ordinance and the Enabling Statute, the hearing officer
and the municipal court conducting a trial de novo do not have jurisdiction to
grant a declaratory judgment that the Ordinance is invalid or unenforceable. 
This court presumes that the district court below has jurisdiction over claims
for such relief, and the City has not shown that the Texas Constitution or some
other law gives exclusive or primary jurisdiction over such claims to the
hearing officer or the municipal court conducting a trial de novo.  See
Southwestern Bell Telephone Co., L.P., 235 S.W.3d 619, 624–25 (Tex. 2007). 
Therefore, the district court below has jurisdiction over the Invalidity Claim,
and Edwards was not required to exhaust administrative remedies regarding
whether she was liable for various civil penalties in order to assert the
Invalidity Claim in the district court below.  See Supermercado Teloloapan,
Inc. v. City of Houston, 246 S.W.3d 272, 275, n.2 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied) (holding that plaintiff did not have to exhaust
administrative remedies regarding its entitlement to a liquor license before
seeking a declaration under Civil Practice and Remedies Code section 37.004
regarding the construction of a city ordinance relating to liquor licenses); Plano
Miller Club, Inc. v. Steen, No. 03-08-00661-CV, 2011 WL 115879, at *1–2
(Tex. App.—Austin Jan. 14, 2011, no pet.) (holding that a plaintiff did not
have to exhaust administrative remedies before seeking a declaratory judgment
that a statute is unconstitutional, even though the statute resulted in the Texas
Alcoholic Beverage Commission’s denial of plaintiff’s permit applications); Mitz
v. Tex. State Bd. Of Veterinary Medical Examiners, 278 S.W.3d 17, 22–25
(Tex. App.—Austin 2008, pet. dism’d) (holding that though statute gave
administrative agency jurisdiction to administer the statute and determine
whether the statute has been violated, the agency did not have jurisdiction to
grant a declaratory judgment that part of the statute was unconstitutional and
there was no need to exhaust administrative remedies before seeking this
relief); Juliff Gardens L.L.C. v. Tex. Com’n on Environmental Quality,
131 S.W.3d 271, 278–80 (Tex. App.—Austin 2004, no pet.) (same as Mitz); see
also Tex. State Bd. of Pharmacy v. Walgreen Texas Co., 520 S.W.2d 845, 848
(Tex. Civ. App.—Austin 1975, writ ref’d n.r.e.) (stating that “Administrative agencies have no power to determine the constitutionality
of statutes. Accordingly, there is no sound reason for forcing a litigant
through the administrative process when in good faith he is advancing a
substantial complaint that the statute that he is charged with violating is
unconstitutional.  The futility of requiring the exhaustion of administrative
remedies in such cases is apparent”).  

This court
should address the Invalidity Claim.

            The legislature has waived governmental
immunity as to the Invalidity Claim, and Edwards does not have to exhaust
administrative remedies as to this claim.  Therefore, the trial court erred in
concluding that it lacks subject-matter jurisdiction over this claim.  The
majority does not mention the Invalidity Claim in its opinion.  This court
should address this claim and reverse the trial court’s judgment to the extent
that the trial court dismissed this claim.  Because the majority fails to do
so, I respectfully dissent as to the Invalidity Claim and concur in the
judgment as to Edwards’s other claims.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Frost, and Brown. (Anderson, J., majority).